PEOPLE v. DenUYL.

*In re* HEMANS.

1. WITNESSES—SELF-INCRIMINATION—FIFTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES.

The privilege of a witness against self-incrimination accorded by the Fifth Amendment to the Constitution of the United States does not apply to a prosecution under State laws.

2. SAME—SELF-INCRIMINATION—STATE CONSTITUTION.

The privilege of a witness against self-incrimination accorded by the State Constitution extends to protect a State witness from testifying as to matters that might tend to incriminate him in a pending prosecution in a Federal court under a law of the United States (Const. 1908, art. 2, § 16).

3. SAME—SELF-INCRIMINATION—FEDERAL FUGITIVE WITNESS ACT— WAIVER OF IMMUNITY.

Witness who was called to testify at a preliminary examination before circuit judge sitting as an examining magistrate after the witness had been charged and convicted under yet-pending prosecution under the Federal fugitive witness act was entitled to invoke his privilege against self-incrimination accorded by the State Constitution where an affirmative answer to questions propounded might have tended materially to establish ''an intent'' on his part by leaving the State to avoid giving testimony in the prosecution of a felony irrespective of whether his action in so doing is in good or bad faith, notwithstanding that prior to inception of events giving rise to the Federal prosecution he had testified under a grant of immunity before a one-man grand jury which indicted defendants but at whose subsequent preliminary examination he refused to testify (Const. 1908, art. 2, § 16; 18 USCA, 1946 Cum. Supp. § 408e).

Appeal from Ingham; O'Hara (Chester P.), J., presiding. Submitted March 3, 1947. (Docket No. 86, Calendar No. 43,604.) Decided October 13, 1947.

Simon D. DenUyl and others were charged with offense of common-law conspiracy to wilfully, wrongfully and unlawfully obstruct the due course of legislation and to wilfully and corruptly affect and influence the action of the Michigan legislature. From order refusing to compel Charles F. Hemans, a witness, to answer certain questions propounded to him at the preliminary examination, the people appeal. Affirmed.

*Eugene F. Black,* Attorney General, *Edmund E. Shepherd,* Solicitor Géneral, *H. H. Warner,* Assistant Attorney General, *Richard B. Foster,* Special Assistant Prosecuting Attorney, and *Charles F. Cummins* and *Paul C! Younger,* Assistant Prosecuting Attorneys, for the people.

*O. R. McGuire* and *William G. Comb,* for appellee Hemans.

North, J. Leave having been granted, this appeal was brought by the people (see 3 Comp. Laws 1929, § 17366, as amended by Act No. 132, Pub. Acts 1941 [Comp. Laws Supp. 1945, § 17366, Stat. Ann. 1946 Cum. Supp. § 28.1109]) from certain rulings and orders made by Honorable Chester P. O'Hara while sitting as an examining magistrate in a preliminary examination wherein the defendants herein were charged with the criminal offense of common-law conspiracy to wilfully, wrongfully and unlawfully obstruct the due course of legislation, and to wilfully and corruptly affect and influence the action of the Michigan legislature. The rulings and orders from which the appeal was taken are more specifically hereinafter set forth.

While not literally accurate in all details, the factual background of the instant appeal may be stated

as follows: In July, 1946, a so-called one-man grand jury investigation was being conducted by one of the Ingham county circuit judges. Charles F. Hemans, appellee herein, as a witness in the grand-jury proceedings declined to answer certain questions propounded to him on the ground that answers thereto might tend to incriminate him. Thereupon the circuit judge acting as a grand juror granted Hemans immunity from prosecution as to any offense concerning which his answers might tend to incriminate him. (3 Comp. Laws 1929, § 17220 [Stat. Ann. § 28.946]). The immunity having been granted, Hemans thereupon answered the questions propounded to him. Subsequently the one-man grand juror issued a warrant for the arrest of the defendants herein charging them with the offense above noted. While Hemans was named as a co-conspirator he was not made a defendant. Thereafter Hemans departed from the State of Michigan and ultimately arrived in Washington, D. C. He refused to return to Michigan to testify as a witness in the preliminary examination in the case against these defendants. In September, 1946, Hemans was indicted by a Federal grand jury for allegedly leaving the State of Michigan and traveling in interstate commerce with the intent to avoid giving testimony in the cause pending against these defendants. See 18 USCA, 1946 Cum. Supp. § 408e. He was taken into custody, brought to the State of Michigan, and produced as a witness at an adjourned hearing of the preliminary examination of the defendants herein. In the course of Hemans' examination as a witness he was asked certain questions which he refused to answer, asserting that answers thereto might tend to incriminate him in the above-noted prosecution against him then pending in the Federal court for the eastern district of

Michigan, southern division. The circuit judge presiding at the preliminary examination of the defendants herein sustained the position taken by Hemans and declined to require him to answer. The examination was adjourned, and the original appeal allowed herein was from the above ruling of the circuit judge. In brief the ruling was made on the ground that the answers sought from witness Hemans might tend to incriminate him in the then pending Federal prosecution; and that immunity granted by a State court would not afford protection to Hemans in the Federal case.

Hemans, who did not testify in his own defense, was subsequently convicted in the Federal prosecution. Thereafter a motion was made by the people before the examining magistrate that he set aside the former order whereby Hemans' assertion of his constitutional rights against self-incrimination had been sustained. In support of the motion it was urged among other things that since the Federal prosecution had been concluded by a verdict of guilty, Hemans was no longer in a position to decline to testify at the examination on the ground that his testimony might be self-incriminating; that since Hemans had failed to testify in the Federal case or to assert that his testimony was an essential element or ingredient to the prosecution of that case, he was no longer in position to assert such a contention in the instant case; and that by reason of the conviction in the Federal case "the danger of self-incrimination therein by answers to questions propounded in this case would be remote, fanciful, speculative, and not reasonably to be expected to arise out of the ordinary course of the law." In effect the same ruling was made as at the earlier hearing in the examination; and the people by supplemental proceedings have embodied in this appeal

this later ruling denying the motion to set aside the former ruling. Incident to making this later ruling, the examining magistrate made the following statement, with which we are in accord:

"I do not believe that the verdict of guilty concludes that case in the Federal court, nor does it render the danger of self-incrimination remote or fanciful or speculative, as alleged in this motion; and that does not become true, in my judgment, until such time as the time for appeal passes and the person convicted commences to serve the sentence imposed upon him without further right of appeal except by a special leave of the court, because, in my judgment, * * * if the case should for any reason be reversed and sent back for a new trial, the danger of self-incrimination again arises."

As appears from *Hemans v. United States,* decided by the United States Circuit Court of Appeals for the 6th district, July 28, 1947, 163 Fed. (2d) 228, Hemans' conviction in the United States district court was appealed and affirmed. We have been advised by the clerk of the United States Supreme Court that an application to that court for certiorari has been made in behalf of Hemans, which as yet has neither been granted nor denied. Hence final determination of the Federal prosecution of Hemans has not yet been accomplished. Decision of the instant case has been withheld because of the pending Federal prosecution, but we are of the opinion that orderly procedure forbids further delay.

As above noted, the circuit judge sitting as an examining magistrate sustained Hemans in his refusal to answer certain questions propounded to him on the ground of his constitutional right against self-incrimination (Michigan Const. 1908, art. 2, § 16), notwithstanding Hemans, as a witness in a

one-man grand-jury proceedings, had been granted immunity from prosecution in the State courts for any offense concerning which his testimony, relating to the same subject matter, might tend to incriminate him. See code of criminal procedure. 3 Comp. Laws 1929, § 17220 (Stat. Ann. § 28.946). In challenging the above ruling appellant presents the questions hereinafter reviewed.

For the purpose of decision herein it may be assumed appellant is correct in asserting that the Fifth Amendment to the Federal Constitution wherein it provides: "nor shall (any person) be compelled in any criminal case to be a witness against himself," does not apply to prosecution under State laws. See the recent decision in *Adamson* v. *California,* 332 U. S. 46 (67 Sup. Ct. 1672, 91 L. Ed. 1903, 171 A. L. R. 1223). Aside from the above reference to the Fifth Amendment to the Federal Constitution appellant's primary contention as stated in the brief is:

"The privilege guaranteed by article 2, § 16, of the (Michigan) Constitution of 1908, *i.e.,* that 'no person shall be compelled in any criminal case to be a witness against himself,' should (not), in the circumstances of this case, be extended to protect a State witness from testifying as to matters that might tend to incriminate him in a pending prosecution under a law of the United States."

On several occasions this Court has expressed itself as to the scope of immunity from self-incrimination that is afforded by article 2, § 16, of the State Constitution, just above quoted. See *In re Watson,* 293 Mich. 263; *In re Schnitzer,* 295 Mich. 736; *In re Ward,* 295 Mich. 742; and *In re Cohen,* 295 Mich. 748. The three cases last above cited were simultaneously handed down (December 11,

1940) after painstaking consideration of the phase of the law now under consideration. In the *Ward Case* we said:

"As said in *Re Schnitzer, ante,* 736, and in *Re Cohen, post,* 748, Ward cannot be required to give answers 'that will lead straight to Federal prosecution.'"

And in the *Cohen Case* we quoted from the *Watson Case* the following:

"We are of the opinion that the privilege against self-incrimination exonerates from disclosure whenever there is a probability of prosecution in State or Federal jurisdictions."

We are aware that holdings at variance with the above can be found in other jurisdictions, including holdings in the Federal courts. Nonetheless we adhere to our previous holdings, not alone on the ground of established precedent, but rather that the holdings in the above cited cases are essential to render fairly effective the quoted State constitutional provision against self-incrimination. It seems like a travesty on verity to say that one is not subjected to self-incrimination when compelled to give testimony in a State judicial proceeding which testimony may forthwith be used against him in a Federal criminal prosecution. And it is self evident that immunity granted under a State statute would be of no avail in a Federal prosecution. Appellant's contention just above considered is not tenable.

Next in appellant's brief it is urged:

"Having accepted immunity from prosecution, Hemans should not be allowed to assert his constitutional privilege for the purpose of escaping prosecution for a subsequent criminal act in violation of

a Federal law basically designed to conserve State sovereignty.''

And in this connection appellant further asserts:

''Hemans' course of conduct clearly evinces *mala fides* in assertion of his privilege against self-incrimination.''

It is important to note that when, incident to giving testimony before the grand juror, Hemans was granted immunity, he was not then confronted with probable Federal prosecution; but when later he was called upon to testify before the circuit judge sitting as an examining magistrate, Hemans was in custody charged with a Federal offense alleged to have been committed after Hemans was a witness in the one-man grand-jury proceedings. It was on this latter occasion when Hemans was a witness before the examining magistrate that for the first time there arose the circumstance which afforded reason for Hemans' assertion that the testimony sought from him would tend to self-incrimination in the Federal case. Whether under those circumstances Hemans acted in good or in bad faith is quite beside the point. The quoted constitutional inhibition against self-incrimination applies alike to sinner and saint. The words of the Constitution are ''*no person* shall be compelled in any criminal case to be a witness against himself.'' We find nothing in this record which would justify holding that Hemans forfeited his constitutional right as to self-incrimination.

On this phase of the case appellant cites and relies upon *Alderman* v. *People,* 4 Mich. 414 (69 Am. Dec. 321); *Foster* v. *People,* 18 Mich. 266; and *Hamilton* v. *People,* 29 Mich. 173. Each of these cited cases is distinguishable from the instant case because of this very material fact. In each of the

three cases the party attempting to assert privilege and thereby avoid giving the testimony sought to be elicited was a joint wrongdoer who had consented to become a witness and had given testimony disclosing his own guilt.   The purport of the holdings in the cited cases is disclosed by the following:

"An accomplice who consents to become a witness for the people on the trial of his associates for the offense charged, must disclose all that he and his associates may have said or done in relation to such offense, and can not be excused from testifying to statements made by him to his attorney, on the ground of their being privileged communications." *Alderman* v. *People* (syllabus), *supra.*

"An accomplice who has given testimony criminating himself, as well as his co-defendant, on whose trial he testifies, cannot refuse to answer fully on cross-examination concerning the entire transaction of which he has undertaken to give an account, and in which he has shown himself guilty."   *Foster* v. *People* (syllabus), *supra.*

Clearly the situation presented in the instant case is materially different than in the cases just above cited.   Hemans at no time volunteered to give nor did he give any self-incriminating testimony in the prosecution of the people's case against Simon D. DenUyl, Charles B. Bohn, *et al.,* which prosecution gave rise to the instant appeal.   Instead, when called as a witness in the examination in the DenUyl case Hemans, who then was in custody charged with a Federal offense, for the first time was confronted with the circumstance in consequence of which he asserted his constitutional right as to giving self-incriminating testimony.   Further, two of the three cited cases do not involve an assertion of the constitutional right against self-incrimination.   The cited cases are not in point in the instant case.

Appellant makes the further contention that the circuit judge erred in sustaining Hemans' refusal to testify "on the theory that his testimony might aid the prosecution of the Federal offense in the district court of the United States." Later and after Hemans had been convicted in the United States district court, appellant amplified the record on this appeal and therein asserted that the circuit judge was in error in denying, subsequent to Hemans' conviction, the people's motion to set aside the former ruling which sustained Hemans in his refusal to give the testimony sought.

This phase of the appeal raises the question as to whether after all Hemans' answers to the propounded questions might have tended to self-incrimination in the Federal prosecution. In his order sustaining Hemans' refusal to answer the questions propounded the circuit judge acting as the examining magistrate quoted two of these questions, and we embody them in an accompanying note.* Mere reading of these questions quite conclusively discloses that Hemans' answers not only *might* have aided in prosecuting him in the Federal

---

* "Question Number One

"Let me ask you, Mr. Hemans, did you, between the dates of January 1, 1941 and December 31, 1941, receive from one Simon D. DenUyl, certain moneys with the agreement and understanding, either at the time of receiving the said money by you, or previous thereto, between you and the said Simon D. DenUyl, that said moneys would be used by you to pay certain legislators in the State of Michigan, to influence their actions and votes upon legislation restricting branch banking in the State of Michigan?

"Question Number Two

"Did you, between January 1, 1941 and December 31, 1941, enter into an understanding and agreement with one Simon D. DenUyl, to cooperate with and assist him, and other persons whom he represented, and with whom he was associated, or cooperating with, to influence, by certain methods, including the payment of moneys to, legislators of the State of Michigan to influence their actions and votes upon legislation restricting branch banking in the State of Michigan, and did you subsequently act upon this agreement?"

case, but clearly an affirmative answer by Hemans to either question would have been of material aid in prosecuting the Federal charge. An essential element of the offense with which Hemans was charged is that he left the State of Michigan "with intent * * * to avoid giving testimony in any criminal proceedings in such place in which the commission of a felony is charged." It is quite impossible to say that an affirmative answer which might have been given by Hemans to either of the questions would not have tended materially to establish "an intent" on his part by leaving the State to avoid giving testimony in the criminal prosecution against DenUyl and other. Hence to have required Hemans to answer would have been to compel him to give testimony which could be used against him in a criminal case in violation of his constitutional right. Appellant's contention is not sustainable wherein it is asserted: "The testimony sought to be evoked from the witness Hemans, could not possibly * * * aid the Government of the United States in obtaining a conviction of Hemans on the Federal charge pending against him."

As intimated above, the circuit judge was not in error in refusing, after Hemans had been convicted, to set aside the order theretofore made sustaining Hemans' refusal to answer the questions involved in this appeal. At the time of the later ruling the case against Hemans had not been prosecuted to a final conclusion. It is still pending in the Federal courts. In the event of Hemans being granted a new trial the testimony which Hemans refused to give, had he answered, might still be used against him in violation of his constitutional right.

The rulings from which this appeal was taken were correct at the time they were made and are affirmed. The matter is still pending before the ex-

amining magistrate and he is authorized to proceed therein.

BUTZEL, BUSHNELL, SHARPE, BOYLES, REID, and DETHMERS, JJ., concurred. CARR, C. J., did not sit.