McCALEB, Justice,
(dissenting).
In exonerating relator from the contempt sentence the majority hold that, although he is without right under the State Constitution, Section 13 of Article 19, to refuse to testify, he may nevertheless invoke the privilege against self-incrimination afforded by the Fifth Amendment of the Constitution of the United States because criminal charges are presently pending against him in the Federal Court for violation of Federal statutes. To this, I cannot agree and believe that it can be successfully demonstrated that none of the authorities relied on by the majority is applicable or supports their conclusion.
To begin with, it is well settled that the Fifth Amendment of the Constitution of the United States, declaring that no person “shall be compelled in any criminal case to be a witness against himself”, is not made effective by the Fourteenth Amendment as a protection against State action “on the ground that freedom from testimonial compulsion is a right of national citizenship, or because it is a personal privilege or immunity secured by the Federal Constitution as one of the rights of man that are listed in the Bill of Rights”. Adamson v. California, 332 U.S. 46, 67 S.Ct. 1672, 1675, 91 L.Ed. 1903. See also Twining v. New Jersey, 211 U.S. 78, 29 S.Ct. 14, 53 L.Ed. 97, and Palko v. Connecticut, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288.
In State v. Rodrigues, 219 La. 217, 52 So.2d 756, this court quoted from the opinion of the Supreme Court of the United States in the leading case of Twining v. New Jersey, as follows: “ * * * we think that the exemption from compulsory self-incrimination in the courts of the states is not secured by any part of the Federal *309 Constitution in a proceeding before a State court.
In State ex rel. Doran v. Doran, 215 La. 151, 39 So.2d 894, cited by the majority, it was held that the privilege against self-incrimination provided by Section 11 of Article 1 of the State Constitution was available to a witness who was under indictment in the State of California for stealing the child involved in the habeas corpus proceeding under review. It had nothing whatever to do with a claim of privilege under the Fifth Amendment of the Federal Constitution.[1]
The case of People v. DenUyl, 318 Mich. 645, 29 N.W.2d 284, 286, 2 A.L.R.2d 625, heavily relied on by the majority, not only does not support their position but is actually contrary thereto. There, the question was whether a witness could be required to give certain testimony before a State investigating body at a time when there were criminal proceedings pending against him in a Federal prosecution. The court held that he was immune from answer to the incriminating questions under Article 2, Section 16 of the Michigan State Constitution, construing the privilege therein accorded to exempt from disclosure evidence which might lead to Federal prosecution as well as prosecution under State laws. But, citing the case of Adamson v. California, supra, the court recognized that the privilege against self-incrimination granted by the Fifth Amendment of the Federal Constitution was unavailable to the witness, He-mans, because that provision “does not apply to prosecution under State Laws”.
To the same effect is State ex rel. Mitchell v. Kelly, Fla., 71 So.2d 887, the ruling which is founded upon People v. DenUyl, supra.
In People ex rel. Morse v. Nussbaum, 55 App.Div. 245, 67 N.Y.S. 492, the court did not hold (as set forth in the majority opinion) that the act under consideration was unconstitutional, since the State could grant no immunity to prosecution under Federal laws and since the testimony would be likely to subject the witness to prosecution under Federal Anti-Trust laws. This statement respecting unconstitutionality on that ground is to be found in a concurring opinion of one of the justices.
The cases of In re Feldstein, D.C., 103 F. 269, 4 Am.Bankr.Rep. 321 and Hoffman v. United States, 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118, cited by the majority, have no bearing on the question presented here because those cases involve' prosecutions under Federal laws, as to which the Fifth Amendment of the Federal Constitution is undoubtedly applicable.
For these reasons, I respectfully dissent.

. The Doran case is also inapplicable t’o this one, insofar as any claim of privilege under the State Constitution is concerned — for, here, relator has no immunity from self-incrimination under Section 13 of Article 19, as his testimony is sought to be elicited in a bribery investigation.