PEOPLE *v.* HERBERT SMITH

1. CRIMINAL LAW—INMATES—UNTRIED OFFENSES—180-DAY RULE—REQUIREMENTS.

Statutory provision that the trial against a person already an inmate be commenced within 180 days after the Department of Corrections sends notice and a request for disposition does not require the action be commenced so as to insure that the trial will be concluded in the 180-day period; good-faith action of the prosecutor within the period and thereafter to proceed to trial is sufficient (MCLA §§ 780.131, 780.133).

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 249.
[3] 21 Am Jur 2d, Criminal Law §§ 353, 359.
[4] 21 Am Jur 2d, Criminal Law § 359.
[5, 6] 53 Am Jur, Trial §§ 895, 967, 968, 991.

2. CRIMINAL LAW—INMATES—UNTRIED OFFENSES—180-DAY RULE—
GOOD FAITH.

> The people made a good-faith attempt to bring the defendant,
> an inmate of a state penal institution, to trial within 180
> days of the request for final disposition where the trial was
> originally set for 108 days after the defendant was incarcerated
> on the previous charge, the trial was adjourned when the
> attorneys failed to appear, the trial was rescheduled 25 days
> later, but adjourned when a codefendant was hospitalized,
> and the trial was finally commenced five days after the 180-
> day period had run (MCLA § 780.131).

3. CRIMINAL LAW—SELF-INCRIMINATION.

> A witness may be compelled to incriminate himself once he can
> no longer be prosecuted as a result of his answer (Const
> 1963, art 1, § 27; MCLA § 600.2154).

4. CRIMINAL LAW—SELF-INCRIMINATION—NONSENTENCED WITNESS.

> A witness who has pled guilty, but has not yet been sentenced
> does not waive his privilege against self-incrimination until
> after he has been sentenced, because the witness might with-
> draw his guilty plea or take an appeal (Const 1963, art 1,
> § 17).

5. CRIMINAL LAW—MISTRIAL—JURORS—READING—NEWSPAPER AC-
COUNT OF TRIAL—INSTRUCTION TO JURY.

> Jurors' reading a newspaper story concerning defendant's trial
> and defendant's past offenses is not a ground for a mistrial
> where the court adequately instructs the jurors that they
> should disregard any impression formed from the article and
> render their verdict entirely on the basis of the evidence
> offered in court.

6. CRIMINAL LAW—MISTRIAL—JURORS—JUROR'S READING—NEWSPA-
PER ACCOUNT OF TRIAL.

> Three jurors' reading a newspaper article which revealed that,
> out of the presence of the jury, the defendant took off his
> clothes to protest going to trial, was already serving a sen-
> tence on another charge, and that the prosecutor had refused
> to allow him to plead guilty to a lesser charge did not re-
> quire a mistrial where the court instructed the jury to dis-
> regard the contents of the newspaper article.

Appeal from Recorder's Court of Detroit, Thom-
as L. Poindexter, J. Submitted Division 1 May 6,

1971, at Detroit.   (Docket No. 7622.)   Decided June 21, 1971.

Herbert Van Smith, Jr., was convicted of unarmed robbery.   Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*Gerald S. Surowiec,* for defendant on appeal.

Before: V. J. Brennan, P. J., and J. H. Gillis and T. M. Burns, JJ.

T. M. Burns, J.   Defendant appeals from his conviction of unarmed robbery, MCLA § 750.530 (Stat Ann 1954 Rev § 28.798).

Defendant first contends that the trial court was without jurisdiction because the trial was not commenced within 180 days after defendant was committed to prison on another charge.   MCLA § 780-.131 (Stat Ann 1971 Cum Supp § 28.969[1]) provides:

"Whenever the department of corrections shall receive notice that there is pending in this state any untried warrant, indictment, information or complaint setting forth against any inmate of a penal institution of this state a criminal offense for which a prison sentence might be imposed upon conviction, such inmate shall be brought to trial within 180 days after the department of corrections shall cause to be delivered to the prosecuting attorney of the county in which such warrant, indictment, information

or complaint is pending written notice of the place of imprisonment of such inmate and a request for final disposition of such warrant, indictment, information or complaint. The request shall be accompanied by a statement setting forth the term of committment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner and any decisions of the parole board relating to the prisoner. The written notice and statement provided herein shall be delivered by certified mail."

MCLA § 780.133 (Stat Ann 1971 Cum Supp § 28-.969[3]) provides:

"In the event that, within the time limitation set forth in Section 1 of this act, the action is not commenced on the matter for which request for disposition was made, no court of this state shall any longer have jurisdiction thereof, nor shall the untried warrant, indictment, information or complaint be of any further force or effect, and the court shall enter an order dismissing the same with prejudice."

The defendant was sentenced on a different charge, breaking and entering, on August 16, 1968. Trial in the instant case was not had until February 17, 1969, 185 days after defendant was sentenced on the previous charge. Defendant contends that, therefore, the trial court was without jurisdiction to hear the matter and the conviction must be reversed.

The Michigan Supreme Court, in interpreting the above statutory provisions, stated:

"Clearly, if no action is taken and no trial occurs within 180 days, the statute applies. If some preliminary step or action is taken, followed by inexcusable delay beyond the 180-day period and an evident intent not to bring the case to trial prompt-

ly, the statute opens the door to a finding by the court that good-faith action was not commenced as contemplated by section 3, thus requiring dismissal. The statute does not require the action to be commenced so early within the 180-day period as to insure trial or completion of trial within that period. If, as here, apparent good-faith action is taken well within the period and the people proceed promptly and with dispatch thereafter toward readying the case for trial, the condition of the statute for the court's retention of jurisdiction is met." *People* v. *Hendershot* (1959), 357 Mich 300, 303, 304.

The question becomes then whether the prosecution made a good-faith attempt to commence the action before the 180-day period had expired.

The trial was originally set for November 7, 1968, 108 days after defendant had been incarcerated on the previous charge. The trial was adjourned on that date, however, apparently because no attorneys were present.

Trial was then rescheduled for December 2, 1968. Trial was again adjourned, however, this time because a codefendant was in the hospital recovering from bullet wounds. Trial was finally commenced on February 17, 1969, five days after the 180-day period had run.

It is the opinion of this Court that the people's efforts to bring defendant to trial within the 180-day period after he was imprisoned on the previous charge was sufficiently diligent that the court properly retained jurisdiction over the cause.

Although the first adjournment appears to have resulted from a lack of diligence on the part of the people, it certainly was not the prosecution's fault that a codefendant could not appear at the trial because of gunshot wounds. The prosecution did

make a good faith attempt to commence the action before the statutory period had expired and the statute did not, therefore, prevent the trial court from exercising jurisdiction.

Defendant next contends that the trial court erred by failing to compel an accomplice to testify at defendant's trial.

On February 17, 1969, a codefendant in this case, withdrew his plea of not guilty and pleaded guilty to attempted robbery not being armed. The plea was accepted. Defense counsel then asked that the codefendant be indorsed as a witness. The motion was granted.

When called to the stand, the witness refused to testify. The trial court refused to compel the witness to testify because, although he had already pled guilty, he had not yet been sentenced.

Const 1963, art 1, § 17 provides in part:

"No person shall be compelled in any criminal case to be a witness against himself * * *."

MCLA § 600.2154 (Stat Ann 1962 Rev § 27A.2154) provides that a trial court may not "require a witness to give any answer which will have a tendency to accuse himself of any crime or misdemeanor, or to expose him to any penalty or forfeiture, nor in any respect to vary or alter any other rule respecting the examination of witnesses".

The constitutional and statutory privileges are not applicable, however, once the witness can no longer be prosecuted as a result of his answer. Therefore, since the witness had already pled guilty to a lesser offense and could no longer be prosecuted as a result of his answer, defendant contends that the trial court should have compelled the witness to testify.

However, the witness had not yet been sentenced. He might still have withdrawn his guilty plea or prosecuted an appeal. Although there is authority for the proposition that the privilege against self-incrimination is lost at the moment a plea of guilty is entered,[1] it is our opinion that the privilege should not be deemed waived until the witness had been sentenced. We therefore hold that the trial court was correct in refusing to compel the witness to testify.

Defendant finally contends that a newspaper article which appeared in the Detroit Free Press during the trial and was read by three jurors prejudiced defendant's right to a fair trial. The article revealed that defendant had removed his clothes in court to protest going to trial, conduct which had occurred out of the presence of the jury. The article also stated that defendant was already serving a seven- to ten-year sentence on another charge and that the prosecutor had refused to allow the defendant to plead guilty to a lesser charge.

The trial court denied defendant's motion for a mistrial based upon the newspaper article. The three jurors were, however, interrogated and all of them stated that they would not be influenced by the newspaper article. The trial court also instructed the jury to disregard anything they might have read in the newspaper.

The majority of courts in this country do not consider the reading of a newspaper article by a juror grounds for a mistrial where the jury is instructed to disregard it:

---

[1] See *Knox* v. *State* (1964), 234 Md 203 (198 A2d 285); *United States* v. *Gernie* (CA2, 1958), 252 F2d 664, *cert den* 356 US 968 (78 S Ct 1006, 2 L Ed 2d 1073), *reh den* 357 US 944 (78 S Ct 1383, 2 L Ed 2d 1558).

"The harm which may have been done by a juror's reading a newspaper account of the trial seems to have been considered by most courts as no ground for a new trial, mistrial, or reversal where the judge of the trial court adequately instructed the jury that they should disregard any impression formed from the newspaper article and decide the issues and render their verdict entirely on the basis of the evidence offered in court."[2]

We are in accord with the above statement. Therefore, since the trial court adequately instructed the jury to disregard the contents of the newspaper article, we find no error in the trial court's refusal to grant a mistrial.

Affirmed.

All concurred.

---

[2] 31 ALR2d 417, § 19, p 432.