PEOPLE *v.* BROOKS

1. CRIMINAL LAW—ACCOMPLICE TESTIFYING—PROSECUTION WITNESS —HOPE OF MITIGATION.

   The fact that a witness hopes or expects that he will secure a mitigation of his own punishment does not disqualify him from testifying on behalf of the prosecution at his accomplice's trial.

2. CRIMINAL LAW—ACCOMPLICE TESTIFYING—PROSECUTION WITNESS.

   Trial court's telling defendant's accomplice at the taking of the accomplice's guilty plea of attempted robbery that he (the accomplice) would have to testify against the defendant if the plea were accepted, although probably incorrect, did not taint the accomplice's testimony given against the defendant at defendant's trial for robbery armed.

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted Division 1 July 20, 1971, at Grand Rapids. (Docket No. 9966.) Decided August 25, 1971.

John J. Brooks was convicted of armed robbery. Defendant appeals. Motion to affirm granted.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

---

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 578, 584, 585.

*Robert F. Mitchell, Jr.,* and *Thomas J. Olejnik,* for defendant on appeal.

Before: Holbrook, P. J., and Fitzgerald and T. M. Burns, JJ.

Per Curiam. Defendant was convicted by a jury of the crime of robbery armed contrary to MCLA § 750.529 (Stat Ann 1971 Cum Supp § 28.797). This appeal of right followed with the people filing a motion to affirm.

Defendant's alleged accomplice in the commission of the crime, Curtis Lovelace, had pled guilty to attempted robbery before defendant's trial. During the taking of the plea the trial judge told Lovelace that if his plea were accepted he would have to testify against the instant defendant. At the instant defendant's trial Lovelace did so testify stating that the defendant had assisted him in the commission of the robbery. Defendant submits that the above procedure was reversible error.

We disagree. Although the trial judge's admonition to defendant's accomplice, that he would have to testify against defendant, was probably incorrect, see *People* v. *Herbert Smith* (1971), 34 Mich App 205, such admonition did not taint such accomplice's testimony in the instant case. When faced with a similar argument the Sixth Circuit Court of Appeals held as follows:

"Conceding that there is no decisional law or published academic dissertation to support him, appellant asserts that use of testimony from defendants who had pleaded guilty but had not been sentenced was an evil practice, which should not have been tolerated. He equates the withholding of sentence with an inducement to the witnesses to perjure themselves or to give biased testimony in favor of

the prosecution in the hope of reward by a lenient sentence. The relevant facts could of course have been emphasized on cross-examination and argued to the jury upon the question of such witnesses' credibility. Instruction could be requested on the same subject. See *United States* v. *Rainone* (CA 2, 1951), 192 F2d 860, 861.

"We are not disposed to fashion a rule heretofore unknown in the jurisprudence of criminal prosecutions. Neither are we impressed that the use of the testimony of an unsentenced accomplice deprives one who stands trial of due process or fair treatment. [Citing cases.] We find no disagreement with the text that 'the fact that a witness hopes or expects that he will secure a mitigation of his own punishment by testifying on behalf of the prosecution does not disqualify him'. 23 CJS, Criminal Law, § 805, p 70." *United States* v. *Vida* (CA 6, 1966), 370 F2d 759.

In addition, the instant accomplice's testimony was corroborated by the testimony of three eyewitnesses who also identified the instant defendant as a participant in the crime.

It is manifest that the questions sought to be reviewed are so unsubstantial as to need no argument or formal submission. Accordingly, the people's motion to affirm is granted.