People v Lindsay

1. Witnesses—Criminal Law—Constitutional Law—Right Against Self-Incrimination—Conviction—Pending Appeal.

A witness who is a codefendant has not waived his privilege against self-incrimination after his conviction on the charge to which the incriminating testimony would relate, where an appeal from that conviction is pending.

2. Witnesses—Criminal Law—Prosecutors—Questioning Witnesses—Prior Convictions—Trial Strategy.

It is not error for a trial court to permit the prosecution to question its own witness regarding his prior convictions; such questioning is a common trial strategy, and is not properly characterized as cross-examination or impeachment.

3. Criminal Law—Questioning Witnesses—Prior Arrests—Prior Convictions—Volunteered Information.

No error resulted where a defendant volunteered information about an arrest which did not result in conviction in response to questioning from the prosecutor which did not concern prior arrests but only prior convictions.

Appeal from St. Clair, Ernest F. Oppliger, J. Submitted March 10, 1976, at Detroit. (Docket No. 24328.) Decided June 2, 1976.

Douglas H. Lindsay was convicted of felonious assault. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter E. Deegan,* Prosecuting Attorney, and *Peter R. George,* Chief Appellate Attorney, for the people.

References for Points in Headnotes

[1] 81 Am Jur 2d, Witnesses §§ 62–68.
[2, 3] 21 Am Jur 2d, Criminal Law § 585.

*Kenneth M. Mogill,* for defendant on appeal.

Before: BASHARA, P. J., and V. J. BRENNAN and T. M. BURNS, JJ.

PER CURIAM. Defendant, Douglas H. Lindsay, was charged with assault with intent to do great bodily harm less than murder in contravention of MCLA 750.84; MSA 28.279. Defendant was convicted of felonious assault in contravention of MCLA 750.82; MSA 28.277 and was sentenced on March 10, 1975, to a term of 2 years, 8 months, to 4 years in prison.

At trial the defendant subpoenaed a co-defendant who had previously pled guilty to assault with intent to do great bodily harm less than murder and attempted armed robbery and had already been sentenced. The co-defendant argued that since he was appealing his guilty plea conviction, he could not be held to have waived his Fifth Amendment rights against self-incrimination, and that he would assert these rights if he were called to testify. A separate record of the testimony which defendant desired to elicit from the co-defendant at trial was made, and based on this record, the trial judge concluded that the co-defendant's testimony would be incriminating. Relying on *People v Herbert Smith,* 34 Mich App 205; 191 NW2d 392 (1971), the court granted the co-defendant's motion to quash the subpoena, ruling that the co-defendant had not waived his Fifth Amendment rights against self-incrimination.

The prosecution called one Terrance Minten to testify on behalf of the people, and questioned him on direct examination regarding his prior convictions. Minten testified that in addition to his conviction for the attempted receipt of stolen property arising out of the same transaction which precipi-

tated the instant case, he had also been convicted of two unrelated larceny crimes. Defendant's counsel did not object to this question and chose not to cross-examine the witness.

During cross-examination of the defendant, the prosecutor sought to impeach his credibility by the use of prior convictions. In response to one question, the defendant volunteered testimony to correct apparent misconceptions by the prosecutor and in the process mentioned an arrest which did not result in a conviction.

Defendant brings three allegations of error which we shall treat *seriatim.* The defendant first contends that the trial judge erred reversibly when he quashed a subpoena for a former co-defendant, arguing that this deprived the defendant of his rights to confrontation and compulsory process as guaranteed by US Const, Am VI and XIV, and Const 1963, art 1, § 20. We disagree. While we recognize that some jurisdictions hold that the privilege against self-incrimination is waived at the moment of the guilty plea, and others hold that the privilege is waived at the time of sentencing, see Annotation, *Plea of Guilty or Conviction as Resulting in Loss of Privilege Against Self-Incrimination as to Crime in Question,* 9 ALR3d 990, Michigan courts have taken a *contra* position. In the case of *People v Den Uyl,* 318 Mich 645; 29 NW2d 284 (1947), a witness whose convictions in Federal District Court had been affirmed by the Sixth Circuit Court of Appeals and whose application for certiorari to the United States Supreme Court was pending, refused to testify, asserting his rights against self-incrimination. The prosecution argued that the danger of self-incrimination in such a case would be "remote, fanciful, speculative, and not reasonably to be expected to arise out

of the ordinary course of the law". 318 Mich at 648; 29 NW2d at 286. The Michigan Supreme Court rejected this argument, reasoning that if the defendant's conviction should be reversed and sent back for a new trial, the danger of self-incrimination would again arise. While there is some dicta in the case of *People v Herbert Smith, supra,* which would lend some support to the view that a witness waives his rights against self-incrimination as of the time of sentencing, 34 Mich App at 211; 191 NW2d at 394, such language is not controlling. Citing *Den Uyl,* this Court held in *People v St Onge,* 63 Mich App 16, 18; 233 NW2d 874, 875 (1975), that the privilege against self-incrimination still applies when an appeal is pending after a conviction on the charge to which the incriminating testimony would relate. Defendant's contention is without merit.

Defendant next contends that the trial court committed reversible error by permitting the prosecution to question its own witness, an accomplice of defendant, concerning his prior convictions. We disagree. The practice of eliciting from a witness on direct examination facts concerning his prior convictions is a common trial strategy, used to prevent opposing counsel on cross-examination from creating the impression that the witness was hiding something. Such questioning is not properly characterized as cross-examination or impeachment. Even assuming arguendo that such questioning was improper, since it tended to discredit a prosecution witness, it should have helped rather than hurt defendant's case. We also note that defendant failed to object, and thus failed to preserve any possible error for review. See *People v Coppernol,* 59 Mich App 745; 229 NW2d 913 (1975).

Finally, defendant contends that the trial court improperly allowed the prosecutor to cross-examine the defendant about a prior arrest and that this constituted reversible error. Again, we disagree. The record shows that the prosecutor did not question the defendant about his prior *arrests* but only about *convictions.* The defendant *volunteered* information about an arrest which did not result in conviction. This was not error. *People v Osgood,* 24 Mich App 705; 180 NW2d 640 (1970).

Affirmed.