The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Xavier VILLA, Defendant-Appellant,

and

Jorge Vargas, a/k/a Monkey, a/k/a Chongo, a/k/a Grillo, a/k/a Manuel Gonzales Garcia, Defendant.

No. 81CA0766.

Colorado Court of Appeals, Div. I.

March 24, 1983.

Rehearing Denied April 21, 1983.

Certiorari Denied Oct. 31, 1983.

J.D. MacFarlane, Atty. Gen., William G. Morgan, Designated Counsel, Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Michael Heher, Deputy State Public Defender, Denver, for defendant-appellant.

STERNBERG, Judge.

This is an appeal from an order of contempt entered when defendant Xavier Villa refused to testify at the trial of his co-defendant. We reverse.

Villa was called as a witness in the trial of a co-defendant. Villa had pleaded guilty and had been sentenced on two charges arising out of the same events upon which he was to testify. One sentence exceeded the presumptive range, as permitted by § 18–1–105, C.R.S.1973 (1982 Cum.Supp.). Because he was appealing his sentence and feared that his testimony might be used at a subsequent hearing to enhance the sentence should it be vacated, Villa invoked his Fifth Amendment right against self-incrimination. The trial court found him in contempt of court and imposed a sixty-day sentence to be served consecutive to the sentences he was then serving.

The trial court ruled that Villa's Fifth Amendment rights terminated when he was sentenced. Because Villa's sentence had been imposed concurrently with a sentence of the same length within the presumptive range for a different count, the court reasoned that Villa's testimony was unlikely to prevent a shortening of his term were the aggravated sentence to be reduced on appeal. However, the sentence beyond the presumptive range was three years short of the maximum possible, creating the possibility of an enhanced sentence if Villa's appeal is successful and his testimony at the hearing for resentencing presents matters

of aggravation in addition to those known to the court at the time of the original sentence. *See* § 18–1–409(3), C.R.S.1973; C.A.R. 4(c)(2)(IV). Significantly, the prosecution refused to agree not to use anything Villa might say against him at a later time.

■ The privilege against self-incrimination protects one from being subject to the risk of greater punishment by evidence furnished from his own lips and, thus, continues until a defendant has been sentenced. *Steinberger v. District Court,* 198 Colo. 59, 596 P.2d 755 (1979). Furthermore, when a defendant is appealing his conviction, or seeking other post-conviction relief, the privilege continues in order to protect him from the subsequent use of self-incriminating statements in the event relief is granted. *Ottomano v. United States,* 468 F.2d 269 (1st Cir.1972), *cert. denied,* 409 U.S. 1128, 93 S.Ct. 948, 35 L.Ed.2d 260 (1973); *Mills v. United States,* 281 F.2d 736 (4th Cir.1960); *People v. Lopez,* 110 Cal. App.3d 1010, 168 Cal.Rptr. 378 (1980); *State v. Harris,* 92 Wis.2d 836, 285 N.W.2d 917 (1979); *People v. Lindsay,* 69 Mich.App. 720, 245 N.W.2d 343 (1976). The privilege cannot rationally be limited to situations in which the defendant has not yet been sentenced or where only the conviction is being appealed. Therefore, when a sentence is being appealed, we hold that a defendant retains protection from the risk of greater punishment as a result of his own statements.

■ A court may deny a witness' claim of privilege only if it is absolutely clear that the witness is mistaken and the testimony cannot possibly incriminate him. *Hoffman v. United States,* 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118 (1950); *Tipton v. City of Lakewood,* 198 Colo. 18, 595 P.2d 689 (1979). Had Villa testified at the co-defendant's trial there was the possibility the testimony could have incriminated him, and exposed him to a risk of a greater punishment. Therefore, the court erred in not recognizing his right to remain silent.

The judgment of contempt is reversed and the sentence is vacated.

COYTE and BERMAN, JJ., concur.