Second Division

December 22, 1998

No.  1-97-2592

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the 

) circuit court of

Plaintiff-Appellee, ) Cook County.

)

v. ) 

)

ROMAN DMITRIYEV, ) Honorable

) Pamela Karahalios,

Defendant-Appellant. ) Judge Presiding.

JUSTICE RAKOWSKI delivered the opinion of the court:

Defendant, Roman Dmitriyev, pled guilty to two counts of burglary and implicated Igor Naydenov, his codefendant.  The trial court sentenced defendant that same day.  Fifteen days later, the State called defendant to testify against Naydenov.  Finding that defendant did not have a fifth amendment right to remain silent, the trial court ordered defendant to testify.  When defendant contradicted the factual basis for his guilty plea, the trial court found defendant in direct contempt for lying.    

Because Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)) allows a defendant to file a motion to withdraw a guilty plea within 30 days from the date of sentencing, we believe defendant continued to have a fifth amendment right to remain silent at the time he was ordered to testify.  As such, we reverse. 

FACTS

On May 20, 1997, defendant pled guilty to two counts of burglary.  The assistant State's Attorney read a stipulated factual basis for the plea, providing that defendant and Naydenov were found by police while in the process of removing airbags from a vehicle.  It also provided that, if a trial was held, defendant would testify that he was indeed working with Naydenov to remove airbags from two vehicles without the owners' permission.  While under oath, the defendant agreed with the factual basis, stating "[y]es, that's what happened."  The trial court sentenced defendant to 48 months of probation and ordered him to pay $300 in restitution.  

On June 4, 1997, the State called defendant to testify against Naydenov.  Because defendant's attorney failed to appear, the trial court 
directed Assistant Public Defender Mr. Slonim to give advice.  Before defendant was sworn, Slonim stated to the court that he advised defendant to decline to answer any questions concerning the case based on the fifth amendment right against self-incrimination and that defendant intended to follow his advice.  He explained that the basis for invoking the fifth amendment was that defendant's testimony might be deemed contrary to anything he had testified to before and that such could be used against him.  After a short colloquy between the court and Slonim, the court informed defendant that it did not believe the fifth amendment applied since he pled guilty to the charges against him and no other charges were pending.  The trial court then ordered him to testify.

Defendant denied involvement in the crime and also denied that Naydenov was involved.  Moreover, defendant testified that the stipulated facts he agreed to when he pled guilty were not true.  

Subsequently, the trial court questioned defendant.  The trial court asked defendant whether he lied to the court when he agreed to the stipulated factual basis for his guilty plea.  Upon the trial court's repeated demands for a yes or no answer, defendant said yes.  

Consequently, the trial court found defendant in direct contempt for lying to the court when he pled guilty and sentenced him to six months of imprisonment.  The trial court also denied defendant's motion for reconsideration.  This appeal followed.  

ANALYSIS

Although defendant raises four points of error on appeal, we find his contention that the trial court improperly denied him the fifth amendment right against self-incrimination to be dispositive.  

Under the fifth amendment to the United States Constitution (U.S. Const., amend. V), a witness is guaranteed the right to remain silent if his testimony might incriminate him.  
People v. Edgeston
, 157 Ill. 2d 201, 220 (1993).  "The [fifth amendment] not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings."  
Lefkowitz v. Turley
, 414 U.S. 70, 77, 38 L.Ed. 2d 274, 281, 94 S.Ct. 316, 322 (1973).  A witness may only exercise the right against self-incrimination where he reasonably suspects the possibility of subsequent prosecution if he answers.  
People v. Cooper
, 202 Ill. App. 3d 336, 341 (1990).  However, it is the trial court and not the witness that determines whether there is a real danger of incrimination under the particular facts of the case.  
Edgeston
, 157 Ill. 2d at 220; 
Cooper
, 202 Ill. App. 3d at 341-42.  "A witness may be denied the privilege only when it is perfectly clear, considering all the circumstances, that the answer sought cannot possibly have a tendency to incriminate."  
Edgeston
, 157 Ill. 2d at 221. 

Generally, once a defendant has entered a plea of guilty, he waives his right against compulsory self-incrimination.  See Annotation, 
Plea of Guilty of Conviction as Result in Loss of Privilege Against Self-Incrimination as to Crime in Question,
 9 A.L.R.3d 990 (1966).  Nevertheless, in fulfilling its duty to inform this court of law contrary to its position, the State cited 
People v. Morales
, 102 Ill. App. 3d 900 (1981), and 
People v. Prater
, 158 Ill. App. 3d 330 (1987).  As the State correctly observes, these cases provide that a defendant who has entered into a plea agreement continues to be shielded by the right against self-incrimination until the 30-day period for withdrawing his plea has expired.  
Morales
, 102 Ill. App. 3d at 904-05; 145 Ill. 2d R. 604(d); see 
Prater
, 156 Ill. App. 3d at 335. See also 
People ex rel. Kunce v. Hogan
, 37 Ill. App. 3d 673, 678 (1976) (stating that "where a defendant had not been sentenced, post-trial motions were pending, and the time for appeal had not expired, the jury verdict was not a final conviction such as to extinguis[h] the defendant's fifth amendment privilege"), 
aff’d in part & rev’d in part
, 67 Ill. 2d 55 (1977) (reversed on grounds unrelated to fifth amendment); 
People v. Hartley
, 22 Ill. App. 3d 108, 110 (1974) (applying the reasoning that the right against self-incrimination lasts until final adjudication of a defendant's case); 
Duvall v. State
, 259 Ga. 801, 802, 387 S.E.2d 880, 881-82 (1990) (fifth amendment shielded witness from potential examination that could taint her motion to set aside her guilty plea and motion for a new trial that were pending before the trial court); 
People v. Lindsay
, 69 Mich. App. 720, 723, 245 N.W.2d 343, 344 (1976) (privilege against self-incrimination does not dispel upon sentencing but, rather, it continues to exist while an appeal is pending); 
People v. Smith
, 34 Mich. App. 205, 211, 191 N.W.2d 392, 394-95 (1971) (where witness could still have withdrawn his guilty plea or prosecuted an appeal, court held that privilege should not be deemed waived until the witness has been sentenced). 

In the instant case, defendant was called to testify 15 days after he pled guilty.  The State contends, however, that the rule announced in 
Morales 
and repeated in 
Prater
 should not apply.  The State argues that the premise for defendant’s desire to invoke his fifth amendment right related only to his fear of perjury and not to any fear related to jeopardizing a motion to withdraw his plea or an appeal of his conviction.  In particular, the State contends that defendant’s premise for invoking the fifth amendment renders the rule inapplicable to the instant case.  It also contends that any fifth amendment right is not triggered since defendant had not filed a motion to withdraw his plea.  We disagree with both contentions.

That defendant sought to avoid testifying in fear of committing perjury does not exempt application of the rule.      The fifth amendment right to silence is properly raised where the question calls for an answer that might incriminate the witness; all that must be apparent is a "real danger" that the witness will incriminate himself.  See 
Edgeston
, 157 Ill. 2d at 221 (court found that witness could raise fifth amendment protection where question could jeopardize any collateral attack on his guilty plea); 
People v. Redd
, 135 Ill. 2d 252, 304-05 (1990) ("witness is not required to prove that the answer to a particular question would necessarily subject him to prosecution" but, rather, it need only be evident that a responsive answer might incriminate the witness); 
Prater
, 158 Ill. App. 3d at 337 (witness is not required to prove that the response would actually incriminate him but, rather, to sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that an answer might result in an injurious disclosure).  As such, the focus is on the ability to raise the shield when presented with questions that call for a potentially incriminating answer and not on whether the witness's actual answer will implicate him further.  In this case, it is clear that the questions the State posed to defendant went to the core of the charges lodged against him.  Thus, the fifth amendment right to silence was applicable.   

We also reject the State’s argument that the trial court properly compelled defendant to testify since he had yet to file a motion to withdraw his guilty plea.  In 
Morales
, the court observed that when the witness was called to testify, "there still was time remaining during which he could have filed a motion to withdraw his plea."  
Morales
, 102 Ill. App. 3d at 904-05.  The clear import of this language is that the witness had not filed a motion to withdraw.  As such, whether a defendant has filed a motion to withdraw is not determinative.  Moreover, the State’s argument begs the question of whether a defendant actually has a 30-day window in which to file his motion to withdraw under Supreme Court Rule 604(d).  145 Ill. 2d R. 604(d).  Under the State’s approach, the rule allowing 30 days for filing a motion to withdraw would be rendered nearly meaningless if the witness further incriminates himself.  

Contrary to the State's arguments, we believe that bright line application of the above rule is necessary to ensure predictability and the rights of defendants.  The court in 
Morales
 explained that the policy supporting maintaining one’s right to invoke the fifth amendment in this situation is to ensure that the ability to withdraw a plea remains unfettered by additional incriminating admissions.  The court explained that if the witness was compelled to testify, his answers, if incriminating, would be persuasive grounds for a court to exercise its discretion and deny any subsequent motion to withdraw the plea.  
Morales
, 102 Ill. App. 3d at 904-05.  "[F]orcing the witness to testify would tend, as a practical matter, to make the guilty plea irrevocable."  
Morales
, 102 Ill. App. 3d at 904.  

In a broader context, the rule is only a small segment supporting the prophylactic policy behind the fifth amendment of protecting defendants against self-incrimination until their cases have reached final adjudications.  The policy is best illustrated in 
People v. Den Uyl
, 318 Mich. 645, 29 N.W.2d 284 (1947).  There, although defendant's conviction and sentence had been affirmed on appeal, his petition for 
certiorari
 was still pending before the United States Supreme Court when he was called to testify.  The Michigan Supreme Court approved of the trial court's reason for upholding the defendant's fifth amendment rights.  The trial court stated: 

" 'I do not believe that the verdict of guilty concludes that case in the Federal Court, nor does it render the danger of self-

incrimination remote or fanciful or speculative, as alleged in this motion; and that does not become true, in my judgment, until such time as the time for appeal passes and the person convicted commences to serve the sentence imposed upon him without further right of appeal except by a special leave of the court, because, in my judgment, *** if the case should for any reason be reversed and sent back for a new trial, the danger of self-incrimination again arises.' "  
Den Uyl
, 318 Mich. at 649, 29 N.W.2d at 286.

See also 
People v. Hartley
, 22 Ill. App. 3d 108, 110 (1974) (quoting 
Den Uyl
 with approval).  
Likewise, we believe that a defendant may raise the fifth amendment shield until his conviction has become final.  
See 
Prater
, 158 Ill. App. 3d at 335-36; 
Morales
, 102 Ill. App. 3d at 904-05; 
People ex rel. Kunce
, 37 Ill. App. 3d at 678;
 Hartley
, 22 Ill. App. 3d at 110.     Lastly, we summarily address the State's contention that defendant waived his fifth amendment right when he began answering questions.  The State contends that the right is personal and that, to properly invoke it, the witness must raise it himself while on the stand.  Under the facts of this case, the State's argument is without merit.  Here, the trial court specifically ordered defendant to testify regarding the matters to which he pled guilty.  Thus, it cannot be said that he voluntarily waived his right to remain silent.  See 
People v. Scott
, 148 Ill. 2d 479, 509 (1992) (decision to relinquish fifth amendment right to remain silent must be voluntary, a product of a free and deliberate choice).

CONCLUSION

For the foregoing reasons, we reverse the circuit court of Cook County.

Reversed.

GORDON, P.J., and COUSINS, J., concur.