### PEOPLE v. LOUKAS

CONSTITUTIONAL LAW—CRIMINAL LAW—COUNSEL—EFFECTIVE ASSIST-
ANCE—OBJECTIONS.

> Effective assistance of counsel in a constitutional sense was not
> denied to defendant because of his attorney's failure to object
> to the admission in evidence of stolen property obtained in an
> alleged illegal search and seizure where defendant was arrested
> on a valid warrant and the stolen property was found in the
> automobile occupied by defendant at the time of his arrest
> and search.

Appeal from Recorder's Court of Detroit, Joseph
E. Maher, J. Submitted Division 1 January 5, 1970,
at Detroit. (Docket No. 5,930.) Decided January
26, 1970. Rehearing denied February 27, 1970.
Leave to appeal denied September 22, 1970. 384
Mich 757.

Kyriacos Peter Loukas was convicted of receiving
and concealing stolen property over the value of
$100. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Samuel J. Torina,* Chief Ap-
pellate Lawyer, and *Owen J. Galligan,* Assistant
Prosecuting Attorney, for the people.

*Donald W. Grant,* for defendant on appeal.

---

REFERENCES FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law §§ 315, 319, 321.
Incompetency of counsel chosen by accused as affecting validity
of conviction. 74 ALR 2d 1390.

Before: LESINSKI, C. J., and J. H. GILLIS and QUINN, JJ.

PER CURIAM. The issue on this appeal, which is from defendant's conviction and sentence for receiving and concealing stolen property over the value of $100,* is stated by defendant as: "Was the defendant denied the effective representation of counsel at his trial in this cause?"

The basis for defendant's contention that he was denied effective representation by trial counsel is that failure of trial counsel to object to the admission in evidence of the stolen property on the strength of an alleged illegal search and seizure resulted in defendant's conviction. This Court has recently decided that such a contention is not the basis for holding that a defendant is denied the effective assistance of counsel in the constitutional sense. See *People* v. *Degraffenreid* (1969), 19 Mich App 702.

Defendant's reliance on *People* v. *Ibarra* (1963), 60 Cal 2d 460 (386 P2d 487, 34 Cal Rptr 863), is misplaced. The property there seized was the product of warrantless arrest and a warrantless search. In the present case, defendant was arrested on a valid warrant and the stolen property was found in the automobile occupied by him at the time of arrest and search.

Affirmed.

---

* MCLA § 750.535 (Stat Ann 1969 Cum Supp § 28.803).