PEOPLE v. TINSLEY

1. CRIMINAL LAW—WITNESSES—PRIVILEGE AGAINST SELF-INCRIM-
INATION.

A witness who takes the stand may not be compelled to in-
criminate himself as to the commission of crimes other than
the one the defendant is being tried for.

2. SEARCHES AND SEIZURES—EVIDENCE—ADMISSIBILITY.

Admission of a gun into evidence was proper where the police
were aware that an arrest warrant had been issued for de-
fendant, they were admitted into the apartment where the
defendant was asleep by another occupant of the apartment,
and, after explaining the purpose of their visit to the occupant,
were led to the bedroom where defendant was sleeping, and
while defendant was awake and present, they removed the
gun from defendant's jacket which was immediately next to
the defendant's bed.

Appeal from Recorder's Court of Detroit, George
W. Crockett, Jr., J. Submitted Division 1 November
3, 1971, at Detroit. (Docket No. 10751.) Decided
November 29, 1971. Leave to appeal denied, 387
Mich 775.

Ralph Tinsley was convicted of assault with intent
to murder. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A.
Derengoski*, Solicitor General, *William L. Cahalan*,
Prosecuting Attorney, *Dominick R. Carnovale*,

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 349–353.
[2] 47 Am Jur, Searches and Seizures § 19.

Chief, Appellate Department, and *Thomas M. Khalil,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, for defendant on appeal.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS and O'HARA,* JJ.

PER CURIAM. Defendant was found guilty by a jury of assault with intent to murder, MCLA 750.83; MSA 28.278. Upon review of the issues raised on appeal we affirm.

Defendant asserts upon appeal that the trial court erred in allowing a prosecution witness to refuse to answer certain questions on cross-examination because of the privilege against self-incrimination. A review of the record, consisting of 41 pages of thorough cross-examination of the witness, indicates that the questions to which answers were refused were such as to implicate the witness in crimes other than the one at issue. A witness when he takes the stand may not be compelled to incriminate himself as to the commission of other crimes. *People* v. *Robinson,* 306 Mich 167 (1943); *People* v. *Herbert Smith,* 34 Mich App 205 (1971). In the present case no prejudice to the defendant resulted from the exercise of this privilege by the witness. *People* v. *Berry,* 36 Mich App 1 (1971).

In this case the trial court also limited the cross-examination of a police officer when questions were asked relating to matters collateral to the issue at hand. This ruling was properly within the discre-

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

tion of the trial court and no abuse of such discretion has been shown. *People* v. *Fleish,* 321 Mich 443 (1948) ; *People* v. *Berles,* 30 Mich App 716 (1971).

A review of the prosecutor's unobjected to argument in light of the argument of the defense counsel convinces this Court that the remarks of the prosecutor were not improper in the context in which they were presented. The alleged errors were either proper inferences arising out of the evidence or responses invited by defense counsel's argument. *People* v. *Joshua,* 32 Mich App 581 (1971) ; *People* v. *Green,* 34 Mich App 149 (1971).

Officer Ernest Gilbert testified to the circumstances of defendant's arrest. He stated that he arrested defendant April 25, 1970, which was three days after the shooting, at a Detroit residence. The officer stated that he was aware that an arrest warrant had been issued for defendant and in the company of other officers he went to the residence. He further testified that one of the officers knocked on the downstair's door and they were admitted by the people who lived downstairs. The officers then knocked on the second floor door where they were admitted by one Arnold Taylor. The police informed Taylor of the purpose of their visit and Taylor then showed the officers into the bedroom where defendant was asleep in his underclothes. The officer awakened defendant and took a .38-caliber revolver from a leather jacket which was immediately next to the defendant's bed. Defendant was present while the gun was removed from the jacket. Under the circumstances, the admission of the gun into evidence over defense counsel's objection was proper. *People* v. *Herrera,* 19 Mich App 216 (1969) ; *People* v. *Surles,* 29 Mich App 132 (1970) ; *People* v. *Nelson,* 29 Mich App 251 (1970).

We find no merit in the defendant's claim that he was denied effective assistance of counsel at trial because his attorney failed to object prior to trial to the admission of the gun. *People* v. *Loukas,* 21 Mich App 118 (1970).

Affirmed.