(No. 32718.

C. E. HALPIN, Director of Revenue, Appellant, *vs.* SALVATORE A. SCOTTI, Appellee.

*Announced March 26, 1953—Opinion filed April 21, 1953—Rehearing denied May 19, 1953.*

LATHAM CASTLE, Attorney General, of Springfield, (BEN W. HEINEMAN, and JOSEPH D. BLOCK, both of Chicago, of counsel,) for appellant.

GEORGE M. CRANE, and LAWRENCE A. BERMAN, both of Chicago, for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

November 21, 1952, the circuit court of Cook County denied the petition of C. E. Halpin, as Director of Revenue of the State of Illinois, to compel appellee, Salvatore A. Scotti, to answer certain questions propounded to him in an investigation then being conducted under section 10 of the Illinois Cigarette Tax Act. (Ill. Rev. Stat. 1951, chap. 120, par. 453.10.) Appellant, Halpin, sought to compel Scotti to answer said questions by invoking the immunity provisions of section 10a of the act. It is asserted that the reason for the court's denial of the petition to compel appellee to answer said questions was that the statute relied upon was unconstitutional, hence the appeal is brought here directly.

On November 28, 1951, C. E. Halpin appointed one Ben W. Heineman as an investigation officer of the Department of Revenue to conduct an investigation pursuant to section 10 of the Illinois Cigarette Tax Act. The purpose

of the investigation was to determine what improvements should be made in connection with the collection of the tax imposed by the act, the enforcement of its various provisions, and the rules and regulations of the Department, to the end that any repetition of a recent counterfeiting of tax-meter impressions might be prevented. He was also directed to inquire into the extent to which counterfeiting of tax-meter impressions had been carried on in Illinois, and the extent to which such activity had been conducted by licensed and unlicensed distributors and jobbers.

In the course of the investigation the Department issued a subpoena, pursuant to section 10 of the act, commanding appellee to appear before the Department, and served the same upon him. Upon his appearance, Heineman asked him various questions which he refused to answer, claiming his constitutional privilege against self incrimination. Thereafter, on February 29, 1952, Halpin, pursuant to section 7 of the act, (Ill. Rev. Stat. 1951, chap. 120, par. 453.7,) filed a sworn petition in the circuit court of Cook County seeking an order compelling appellee to answer the questions put to him by the Department of Revenue. The petition set forth the above facts and the applicable provisions of section 10a, purporting to give appellee immunity from any criminal penalty on account of any testimony he might give. The petition sought the attendance of the appellee on March 5, 1952. Summons was issued on March 3 returnable on April 7 or April 21, 1952. Appellee was served March 7, 1952. No answer or pleading was filed to this petition on the return day or at any other time. Thereafter, appellee was personally served with a notice that on November 21, 1952, the appellant would present a motion for entry of an order in accordance with the prayer of the petition. Appellee appeared through his attorney and argument was had before the presiding judge. The court denied the petition. Appellant then moved to vacate the order denying the petition and to compel appellee to answer spe-

cific questions. That motion was also denied by the circuit court.

Appellee contends that no constitutional question is presented by this appeal, and hence the jurisdictional requirements necessary for a direct appeal are not met. An examination of the record presented here completely refutes appellee's contentions. Throughout the course of the argument before the court on the petition, the appellee continually attacked the immunity provision of the act as unconstitutional, while petitioner sought to sustain its validity. Moreover, the express reason given by the court for its denial of the petition was that the act was unconstitutional, as evidenced by the following statement:

"If the statute is as you contend it is, namely, all inclusive, that this person may be made to testify against himself or anybody else involuntarily, it is unconstitutional." In response to appellant's further question the court affirmed that such was its holding. Clearly, the constitutionality of section 10a of the act was presented to the trial court and that issue determined. The appeal is properly before this court. Ill. Rev. Stat. 1951, chap. 110, par. 199; *People ex rel. Farwell v. Kelly,* 367 Ill. 616.

Section 10 of article II of the Illinois constitution provides that "No person shall be compelled in any criminal case to give evidence against himself." No substantive difference appearing between this provision and the like provision in the fifth amendment to the United States constitution, the provisions may be construed alike and United States Supreme Court decisions construing the fifth amendment are authoritative in construing the similar provision of our constitution. (*People v. Grod,* 385 Ill. 584.) Appropriately drafted immunity statutes have always been held valid both under the United States and Illinois constitutions. (*Brown v. Walker,* 161 U.S. 591; *People ex rel. Akin v. Butler Street Foundry and Iron Co.* 201 Ill. 236; *People v. Rockola,* 346 Ill. 27.) In order to hold valid a statute

requiring a person to give evidence which might tend to incriminate him, the immunity afforded must be broad enough to protect him against all future punishment for any offense to which the evidence relates. When, because of an immunity statute, testimony cannot be used as a basis for or in aid of a prosecution against the witness, which might be followed by any criminal penalty, the reason for the rule permitting a witness to refuse to give evidence or to be a witness against himself is destroyed, and such privilege cannot be claimed. (*People* v. *Butler Street Foundry.*) The purpose of the constitutional provision that a witness may not be required to give evidence against himself is to protect the witness from prosecution and punishment on his own testimony. It is not the purpose of this constitutional provision to save a witness from embarrassment, disgrace or opprobrium arising out of the exposure of a crime, and the fact that his answers may tend to degrade him does not permit him to refuse to testify. (*People* v. *Rockola.*) When the court can clearly see that a person is fully protected from the effects of his testimony he should be required to give evidence, even though it may show him to have been guilty of a criminal offense. *People* v. *Butler Street Foundry.*

Section 10a of the act provides as follows: "No person shall be excused from testifying or from producing any books, papers, records or memoranda in any investigation or upon any hearing, when ordered to do so by the Department or any officer or employee thereof, upon the ground that the testimony or evidence, documentary or otherwise, may tend to incriminate him or subject him to a criminal penalty, *but no person shall be prosecuted or subjected to any criminal penalty for, or on account of, any transaction made or thing concerning which he may testify or produce evidence, documentary or otherwise, before the Department or an officer or employee thereof;* provided, that such immunity shall extend only to a natural person who, in

obedience to a subpoena, gives testimony under oath or produces evidence, documentary or otherwise, under oath. No person so testifying shall be exempt from prosecution and punishment for perjury committed in so testifying." (Emphasis supplied.) The plain language of section 10a clearly renders appellee immune to prosecution or criminal penalty for anything concerning which he may truthfully give evidence. The reason for the asserted constitutional privilege thus ceases, and it cannot be claimed. The statute, being coextensive in its immunity with the privilege guaranteed by our State and Federal constitutions, does not offend that fundamental law, and its application here cannot be invalid as a violation of that privilege.

Moreover, upon argument before this court, both oral and written, the appellee concedes that section 10a of the Illinois Cigarette Tax Act is constitutional. That being the only ground upon which the lower court denied the petition, this court has no alternative but to reverse the judgment of that court and remand the cause.

The petition upon which appellant relies sets March 5, 1952, as the date upon which it is prayed that appellee appear and answer the questions propounded by the Department. That date being long since passed it is fundamental that appellee could only appear at a hearing held upon some new and future date, as is the obvious intent of appellant in pursuing this action. No prejudice will result to appellee from an amendment of the prayer of appellant to include the establishment of a new date for the hearing. It is, therefore, both necessary and proper that this court direct that appellant be allowed to amend his petition to pray for the fixing of a new date for the hearing, as authorized by section 92 of the Civil Practice Act. Ill. Rev. Stat. 1951, chap. 110, pars. 216, 259.50.

This cause was argued, submitted, and decided at the March term, 1953, and an order was entered reversing the judgment and remanding the cause to the circuit court of

110

Cook County with directions to allow the appellant to amend his petition to pray for the fixing of a new date for the hearing upon the answering of questions to be propounded to appellee, Scotti, and to proceed in accordance with law. This opinion is filed in pursuance of the announcement then made.

*Reversed and remanded, with directions.*