THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ROCKY LEE TERVEN, Defendant-Appellant.

Fourth District   No. 13373

Opinion filed April 14, 1977.—Rehearing denied May 12, 1977.

Richard J. Wilson and John L. Swartz, both of State Appellate Defender's Office, of Springfield, for appellant.

Paul R. Welch, State's Attorney, of Bloomington (G. Michael Prall and Jeffrey B. Levens, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals his convictions of rape, deviate sexual assault and burglary entered upon jury verdicts and the respective concurrent sentences of 5 to 15 years upon each offense.

Neither the post-trial motion nor briefs filed raises the issue of the sufficiency of the evidence to convict.

The issues argued on appeal are directed to the appearance at trial of one Hull, who was indicted for the same offenses which occurred on the early morning of May 22, 1974, when the home occupied by the victim and her two small children was invaded. Hull was arrested on May 31, made confessions implicating defendant and another. Hull's name was included on a list of witnesses filed on August 14, 1974, in response to defendant's discovery motion. On December 30, Hull was sentenced upon his plea of guilty to the offenses charged. Hull appeared pursuant to a writ of habeas corpus ad testificandum issued January 2, 1975, and the trial commenced on January 21, 1975.

The first issue argued is described as a "suggestive in-court identification demonstration." At the commencement of the trial defendant moved that all witnesses be excluded from the court room. The State's Attorney examined the prosecuting witness who testified to the place and circumstances of the offenses, and described the participants as she observed them. She thereupon identified defendant in the courtroom as one of the two men who committed the acts. The State's Attorney then left the courtroom and returned with Hull and asked the witness if the second man who had entered her home on that day was in the court room. She identified Hull as that man. Asked which of the two men committed the deviate sexual assault, she identified the defendant.

■■ It is contended that the "suggestive identification" would prejudice the jury. The argument of prejudice comes within the category of prejudice resulting from any evidence which points to guilt is admittedly prejudicial. If Hull and defendant had been jointly indicted and tried, as they might have been, the prosecuting witness would have identified each before the jury. We find no significant analogy to these facts in *People v. Sanders* (1972), 4 Ill. App. 3d 494, 280 N.E.2d 269, or *United States v. Wade* (1967), 388 U.S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926, which concerned improper pretrial identification of a defendant. The issue, moreover, is properly deemed waived as the record shows neither objections at trial, nor in the post-trial motion. We find nothing which deprives defendant of a substantial right. *People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.

The defendant argues that there was reversible error in calling Hull as a prosecuting witness and in asking that he be made a court's witness. He agrees that a person who is an eyewitness may be called as a court's witness, and that the prosecution had substantial reason to conclude that

Hull was an eyewitness to the offense with which the defendant was charged. *People v. Bailey* (1975), 60 Ill. 2d 37, 322 N.E.2d 804; *People v. McKee* (1968), 39 Ill. 2d 265, 235 N.E.2d 625.

Hull testified that he had been sentenced upon his plea of guilty for the rape committed at the residence of the prosecuting witness on the date in evidence, but thereafter denied that he was present at the home of the prosecuting witness or committed the offense.

The trial court immediately excused the jury and outside the presence of the jury Hull was interrogated as a court's witness. While he admitted making his plea of guilty after admonition by the court and the statement of the factual basis of the plea, he persisted in denying that he had committed the offense and denied the truth of his confession. The court admonished him of the penalties for perjury.

The State's Attorney advised the court that on the preceding evening Hull had stated that he would claim privilege, but during the hearing outside the presence of the jury he stated that he would not testify to the truth. Such hearing was recessed over the noon hour and Hull again advised the court that he would not tell the truth and that the answers made before the jury were not the truth.

After colloquy between the court and counsel, the court advised that he would permit the State's Attorney to examine Hull as a court's witness only as to the truth of the answers made before the jury and whether if he testified, he would tell the truth. At defendant's request the court advised that defendant would be permitted to question the witness as to height, weight and length of his hair, all of which were in evidence through the testimony of the prosecuting witness. The court concluded that Hull had not seen fit to claim privilege.

Before the jury, Hull repeated his denials of being present or committing the offense and stated that he would not tell the truth. Defendant asked Hull to describe his height, weight and the length of his hair on the date in issue.

Defendant relies upon statements made in opinions to the effect that it is prejudicial error to call witnesses where it is shown that they invoke privilege against self-incrimination before the jury, including *People v. Bennett* (1953), 413 Ill. 601, 110 N.E.2d 175; *People v. Haran* (1963), 27 Ill. 2d 229, 188 N.E.2d 707, and *People v. Myers* (1966), 35 Ill. 2d 311, 220 N.E.2d 297. In *Bennett* and *Haran*, it appears that the witnesses called were co-defendants still subject to prosecution. In *Myers*, the witness was not yet indicted and the court held that it was not error to exclude the testimony where the witness had made a claim of privilege before the court in matters pertaining to a subpoena duces tecum.

■■ The issue of whether or not the testimony of Hull was, in fact, privileged, was not presented to the trial court. (See *People v. Hartley*

(1974), 22 Ill. App. 3d 108, 317 N.E.2d 57.) In the context of privilege no issue of privilege was claimed or raised before the jury, rather the jury heard a witness who stated that he would not tell the truth. We review the convictions only to determine whether or not there was such prejudicial evidence before the jury as to require a new trial, and not to decide whether the trial strategy of the prosecution was unwise or undesirable.

During oral argument defendant cited *People v. Burch* (1974), 22 Ill. App. 3d 950, 317 N.E.2d 136, to support a contention that it was error to admit into evidence the fact that one charged with the same crime had pleaded guilty or had been convicted of the offense with which defendant was charged. That opinion did not concern such evidence as to a witness who was called to appear at trial, but was directed to evidence upon the collateral issue of the plea or conviction of one who did not appear.

■■ The record shows no objection to Hull's testimony concerning his plea was made at trial and the issue was not raised by post-trial motion. Since Hull did not undertake to testify to any facts concerning the offenses, we cannot find plain error and the issue may properly be deemed waived.

The judgment is affirmed.

Affirmed.

GREEN, P. J., and MILLS, J., concur.