THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. FRANK E. BAKER, Defendant-Appellant.

Fourth District    No. 4—86—0618

Opinion filed July 16, 1987.

Daniel D. Yuhas and Gary R. Peterson, both of State Appellate Defender's Office, of Springfield, for appellant.

John F. Dahlem, State's Attorney, of Virginia (Kenneth R. Boyle, Robert J. Biderman, and Linda Cullom, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

The defendant, Frank E. Baker, appeals an order which found him in contempt of court for failing to undergo an alcohol evaluation pursuant to section 11—501(e) of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501(e)).

Following a plea of guilty to a charge of driving under the influence of alcohol (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501(a)(2)), the circuit court ordered Baker to undergo an evaluation in order to determine whether an alcohol or other drug abuse problem existed and the extent of such problem. Baker subsequently filed a motion to rescind that order. A hearing on this motion, as well as a sentencing hearing, were set for August 26, 1986. Baker did not personally appear at that hearing. During the hearing, Baker's counsel suggested that if the circuit court did not agree with Baker's contention that section 11—501(e) is unconstitutional, it hold Baker in contempt, in order that the issue of section 11—501(e)'s constitutionality could be de-

cided by the appellate court. At the conclusion of the hearing, the circuit court denied Baker's motion to rescind the order that he undergo an alcohol evaluation, found him in contempt of court for failure to comply with that order, and sentenced him to seven days in jail, with the opportunity of purging himself of contempt by complying with the order that he undergo an alcohol evaluation.

Baker argues that the order finding him in contempt of court should be reversed because: (1) the order requiring him to obtain an alcohol evaluation to aid the court in imposing sentence upon him was violative of his fifth amendment privilege against self-incrimination; (2) the requirement that he procure an alcohol evaluation is not consistent with the relevant statutory language, and the circuit court's orders, to the extent that they require Baker, who is indigent, to pay for an alcohol evaluation, violate his fourteenth amendment right to equal protection of the laws; and (3) if his failure to obtain an alcohol evaluation was contemptuous conduct, it was an indirect contempt, for which the circuit court could not summarily punish him.

Section 11—501(e) provides:

> "Prior to any disposition for an offense based upon an arrest for a violation of this Section or a similar provision of a local ordinance, individuals shall be required to undergo a professional evaluation to determine if an alcohol or other drug abuse problem exists and the extent of such a problem. Programs conducting these evaluations must be licensed by the Department of Alcoholism and Substance Abuse." Ill. Rev. Stat. 1985, ch. 95½, par. 11—501(e).

The fifth amendment privilege against self-incrimination guarantees that no person, without proper immunity, can be required to implicate himself in a crime or provide testimony which is relevant to imposing sentence for an offense of which he has already been found guilty. (*Mills v. United States* (4th Cir. 1960), 281 F.2d 736; *In re Zisook* (1981), 88 Ill. 2d 321, 420 N.E.2d 1027, *cert. denied* (1982), 457 U.S. 1134, 73 L. Ed. 2d 1352, 102 S. Ct. 2962; *People v. Hartley* (1974), 22 Ill. App. 3d 108, 317 N.E.2d 57.) Obviously, negative facts and conclusions contained in an alcohol evaluation could cause a court to impose a more severe sentence on an individual convicted of driving under the influence of alcohol than it would impose absent knowledge of the matters stated in the alcohol evaluation.

Normally, a defendant asserting the privilege against self-incrimination may refuse to answer only those questions with respect to which answers or explanations of why they cannot be answered might result in injurious disclosures, and the trial court must determine

whether particular questions fall into this category. (*Hoffman v. United States* (1951), 341 U.S. 479, 95 L. Ed. 1118, 71 S. Ct. 814; *People v. Schultz* (1942), 380 Ill. 539, 44 N.E.2d 601.) However, the large number of driving while intoxicated cases handled by the judicial system each year renders impracticable a case-by-case determination of whether particular questions asked at alcohol evaluations implicate a defendant's privilege against self-incrimination. The requirement of appointing counsel to represent indigent individuals charged with driving under the influence of alcohol already imposes a considerable financial burden on counties. A case-by-case analysis of whether particular questions asked at alcohol evaluations might elicit incriminating information would for practical purposes require that appointed counsel be present at all alcohol evaluations in order to advise the defendant as to whether he or she should answer the questions propounded by the evaluator. We decline to impose upon counties the additional financial burden of providing appointed counsel at all alcohol evaluations of indigent defendants.

For the above reasons, we hold that a defendant who is guilty of driving under the influence of alcohol may refuse to answer any or all questions put to him or her at an alcohol evaluation on the basis that the answers to such questions might violate his or her privilege against self-incrimination, and that a defendant may not be held in contempt of court because of such conduct. Furthermore, we are of the opinion that a defendant simply appearing for an alcohol evaluation and remaining silent throughout the evaluation would serve no useful purpose. We therefore hold that a defendant who is guilty of driving under the influence of alcohol may not be held in contempt of court for failure to appear at or obtain an alcohol evaluation, if the asserted reason for such conduct is that all questions asked during the evaluation might violate the defendant's privilege against self-incrimination.

Finally, we observe that alcohol evaluations pursuant to section 11—501(e) are designed to benefit defendants who are guilty of driving under the influence by determining the rehabilitative needs of such individuals. Thus, although some of the questions asked a defendant at such an evaluation might elicit information which would result in a more severe sentence, a defendant's refusal to submit to an alcohol evaluation may well deprive the trial court of the information which it needs to start the defendant on the road to recovery from alcoholism.

Because of our decision, we need not consider Baker's remaining allegations of error.

The contempt finding from which Baker appeals is reversed, and the cause is remanded to the circuit court for further proceedings not inconsistent with this opinion.

Reversed and remanded.

SPITZ, P.J., and GREEN, J., concur.