## BARTON WILLINGHAM V. THE STATE.

### *No. 230.  Decided February 17.*

1. **Abortion and Attempt to Produce an Abortion—Practice.**—Where an attempt to produce an abortion fails of its purpose, the accused should be prosecuted under both articles 536 and 538 of the Penal Code. If the abortion is produced, he should be prosecuted under article 536 alone.

2. **Same—Principal and Accomplice.**—A party furnishing the means with intent to produce an abortion is a principal and not an accomplice, though not present when the means were used by the female, and though the female was desirous of and consenting to what was done to produce the abortion.

3. **Same—Accomplice Testimony—Charge of Court.**—On a trial for abortion where the injured female testifies, the court is not required to instruct the jury as to the law of accomplice testimony as applicable to her evidence. Following Watson v. The State, 9 Texas Crim. App., 237.

4. **Same.**—On a trial for an attempt to produce abortion, if it appears that the accused administered or caused to be administered a drug or medicine not calculated to produce that result, he can not be convicted; but if the medicine was such as would have produced an abortion, and was administered for that purpose, a conviction is properly had and will be sustained.

APPEAL from the County Court of Fisher. Tried below before Hon. S. PATTON, County Judge.

Appellant was prosecuted by information for an attempt to produce an abortion upon one Livie Brown, by administering to her, with her consent, certain drugs and medicines calculated to produce that result. His trial resulted in a conviction, the punishment being affixed at a fine of $100.

The evidence showed that Livie Brown was pregnant, and that one Jim Copeland had been indicted for her seduction. Defendant was a friend of Livie Brown and her father's family. Livie told him of her condition, and begged him to get her medicine to produce an abortion, and thereby enable her to save the disgrace to herself and family. He furnished her with a box of powders—the box marked calomel—and gave her directions as to the mode, manner, and doses to be taken. She took the medicine as directed by him, and, though she suffered much pain, it failed to produce the abortion. Several physicians testified that calomel taken by a pregnant woman, in doses described by Livie Brown, was calculated to produce an abortion. The defendant testified that he had given her the box of medicine, and had marked it calomel, but that in fact the powder was not calomel but salts. That he had told her Jim Copeland had sent her the calomel, but it was salts; and Copeland did not furnish nor send it to her.

No brief for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Conviction for an attempt to produce an abortion on one Livie Brown by administering to her certain drugs and medicines calculated to produce an abortion, etc.

The prosecution is based upon articles 536 and 538, Penal Code. If the abortion is effected—accomplished—the prosecution should be under article 536. If the attempt fails, then prosecute under both.

Counsel for appellant contend that appellant should have been charged as an accomplice under article 537. Not so. If an abortion had in fact been produced, and the accused had furnished the means for producing it, knowing the purpose intended, etc., then he would have been an accomplice to the abortion, and should have been charged as such. Counsel for appellant contend that he (appellant) did not administer the medicine, was not present when it was taken, and was therefore an accomplice, and not a principal as charged in the indictment. That appellant was not present when the medicine was taken is true. But concede this fact—the proposition may or may not be correct. If Miss Brown is guilty, counsel are correct. She, in law, being guilty of no offense (though desiring an abortion and consenting to what was done to produce the same), was the innocent agent of appellant, and he was the principal and was properly prosecuted as such.

Counsel contend that Miss Brown—she consenting to what was done, being a witness—was an accomplice, and the court should have instructed the jury to this effect, etc. This proposition is settled against appellant. Watson v. The State, 9 Texas Crim. App., 237, and authorities there cited.

The testimony is in conflict regarding an important fact. Was the drug administered calomel or salts? If calomel, it was calculated to produce an abortion; if salts, it was not. These propositions are settled by the testimony. Though appellant may have administered a drug for the purpose and with the intent to produce an abortion, yet if it (the drug) was not calculated to have that effect, he would not be guilty. Art. 538. Does the evidence establish with reasonable certainty that calomel was administered? We think it does.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.