E. R. HUNTER v. THE STATE.

No. 1311. Decided June 16, 1897.

**1. Objection to Evidence—Practice on Appeal.**

Unless objection is made and a bill of exceptions reserved to the admission of evidence in the trial court, supposed error in regard thereto will not be revised on appeal.

**2. Attempting to Produce an Abortion—Expert Evidence.**

On a trial for attempting to produce an abortion, where ergot was administered by defendant, evidence of experts to the effect that ergot, under certain conditions, produces an abortion, is sufficient to sustain the conviction.

**3. Prosecutrix Not an Accomplice.**

On a trial for an attempt to produce an abortion, the prosecutrix, although she consented to take the medicine, is not an accomplice.

APPEAL from the County Court of Wilson. Tried before Hon. L. B. CAMP, Special Judge.

Appeal from a conviction for an attempt to produce an abortion; penalty, a fine of $200.

The means used to produce the abortion, as shown by the testimony of Florence Johnson, the prosecutrix, were ergot and turpentine. They failed to produce the abortion, and the contention of defendant was, that that the expert evidence failed to show that such means were calculated to produce abortion. The substance of the expert testimony upon this point is set out in the opinion.

*L. S. Lawhon* and *W. R. Wiseman,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of willfully and designedly attempting to produce an abortion on one Florence Johnson, then and there a pregnant woman, by administering to her, with her consent, a certain drug and medicine, well calculated to produce an abortion upon her.

On the trial, appellant did not reserve any exceptions to the rulings of the court, and files no assignments of error in this court. The first ground of the motion for a new trial in the court below avers that the court erred in permitting the county attorney to compel the defendant, while on the witness stand, to testify to the fact that he had had carnal intercourse with the prosecuting witness, Florence Johnson. If appellant conceived the idea that this ruling of the court was error, he should have reserved his bill of exceptions, and, not having done so, this court will not revise the ruling of the court.

It is also contended that the verdict of the jury is contrary to the law and the evidence, and that the testimony fails to show that ergot, the medicine administered, was calculated to produce an abortion. There were three doctors who testified in regard to this matter. Dr. Brewton testified, that "ergot will under certain conditions produce an abortion,

but it is not a drug that the physicians would use to produce an abortion in cases where it is necessary to produce that result." Dr. Mason testified, that "ergot is calculated to produce an abortion. I have known it to produce that result. The quantity of ergot necessary to produce an abortion depends on the quality of the ergot, the susceptibility of the patient, and the stage of her pregnancy." Dr. Blake testified, that "ergot will under certain conditions produce abortion, but I have never known a case where it did. It is not the means used by the medical profession to produce an abortion. They generally use instruments or other means where they deem it necessary to produce that result. It is not the prac-tice to give ergot to produce that result, as it is dangerous to give it to a pregnant woman."

This is the testimony of the physicians in regard to this matter. We think this evidence is sufficient to sustain a conviction on this point. If these witnesses did not state fully all the circumstances under which ergot would produce an abortion, appellant could have ascertained these matters on cross-examination. Therefore, there is no merit in appellant's contention that said witnesses failed to state the circumstances under which ergot would produce an abortion. The prosecutrix was not an accomplice, although she consented to take the medicine given her by appellant. Willingham v. State, 33 Texas Crim. Rep., 98. The judgment is affirmed.

*Affirmed.*