## G. C. HAMMETT V. THE STATE.

### No. 4926. Decided February 26, 1919.

**1.—Abortion—Circumstantial Evidence—Charge of Court.**

Where, upon trial of abortion, the prosecuting witness testified fully to the acts and conduct of both the defendant and the physician who was procured by defendant to perform the abortion, there was no error in the court's failure to charge on circumstantial evidence.

**2.—Same—Accomplice—Prosecutrix—Charge of Court—Rule Stated.**

In a case of abortion the prosecutrix is not in law an accomplice, and there was no error in the court's failure to submit a charge on this phase of the law. Following Willingham v. State, 33 Texas Crim. Rep., 98, and other cases.

**3.—Same—Prior Remarks of the Court Before Trying Any Case.** ·

The action of the trial court in instructing the entire panel of the jury, prior to calling any cause for trial, upon certain general phases of procedure and trial was not reversible error, there being nothing to prejudice the rights of any person accused of crime whose case might be set for trial during that week, and does not come within the rule which holds certain oral charges of the court objectionable.

**4.—Same—Severance—Postponement.**

In the instant trial there was no error in refusing to postpone it in order to enable the defendant to obtain the testimony of a codefendant who was indicted by separate indictment for the same offense, under the qualifications of the court.

**5.—Same—Principals—Charge of Court—Conspiracy—Rule Stated.**

Where defendant complained of the court's charge on the law of principals on the ground that the jury was authorized to find defendant guilty if he consulted or advised the doctor who actually performed the abortion, to commit the same, but the evidence showed that in this case the criminal scheme was that of the defendant who had been criminally intimate with prosecutrix and took her to a physician to procure the abortion, there was no reversible error.

**6.—Same—Principals—Rule Stated—Criminal Enterprise—Charge of Court.**

Where a criminal enterprise is launched by the active participation and presence of certain persons, and the same moves on to its completion under the visible direction of some and in accordance with the plan of all, and the case

is one in which it is impossible for the jury or the court to tell at what stage of its progress the forbidden thing was actually accomplished, then neither the jury nor defendant could have been benefited by any attempt to disconnect such continuous parts of the whole criminal undertaking by giving a charge as to principals applicable to one part of the same, and accessories as to the other part.

### 7.—Same—Abortion—Presence of Accused—Rule Stated—Conspiracy—Charge of Court.

The statute forbids the use of any violent means whatsoever by which an abortion is procured, and the presence of the accused at the moment, or on the occasion of the premature birth of the fetus, is not necessary to make him a principal, nor is it necessary that he should be present at each one of a series of treatments in one of which, or as a result of all of which, the destruction of the life of the embryo is accomplished, and there was no reversible error in the court's charge on principals to find defendant guilty if he counseled or advised the doctor who committed the abortion.

### 8.—Same—Examining Trial Testimony.

Where the county attorney examined from a certain written document which was later introduced in evidence, and which contained the examining trial testimony, there was no error in not allowing defendant to prove by the county attorney as to whether or not prosecutrix made certain statements contained therein.

### 9.—Same—Evidence—Conspiracy—Declarations of Co-conspirator.

Upon trial of abortion, there was no error in allowing prosecuting witness to testify as to statements made by a co-conspirator before the criminal conspiracy had been fully concluded, although in the absence of the defendant.

### 10.—Same—Evidence—Means of Abortion.

Where certain doctors who were witnesses for the defendant testified on cross-examination as to a different method by which an abortion could be accomplished than that charged in the indictment, but there was nothing in the record showing that this was claimed as the means of abortion, there was no reversible error.

Appeal from the District Court of Eastland. Tried below before the Hon. Joe Burkett.

Appeal from a conviction of abortion; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

The following is a copy of the court's remarks prior to calling any case for trial:

"A defendant is presumed to be innocent until his guilt is established beyond a reasonable doubt. A reasonable doubt is such a doubt as a reasonable man would have after hearing a given state of facts. You must take into consideration all the facts and circumstances surrounding the case, and then if you have a reasonable doubt as to the defendant's guilt, you must acquit him; by a reasonable doubt, that does not mean beyond a peradventure of a doubt, because it is absolutely or almost impossible to prove anything absolutely.

"If one of you men was to see a man shoot a hole in that board there, you could prove that beyond a peradventure of a doubt; suppose that your hearing was defective, or that your eyesight was affected; or that

you would have hallucinations and see things that did not happen in truth and in fact; that is the reason it is so hard to prove anything absolutely. As far as being able to prove anything absolutely—the law does not require that. The law requires in a criminal case that the defendant must be proven guilty by legal and competent evidence beyond a reasonable doubt. Legal and competent evidence is the testimony admitted before you on the trial of a case, and if after hearing all of the facts and circumstances, all the legal proof, if you decide from all the facts and circumstances that are admitted before you on the trial of the case, if as a reasonable man you say that the man is guilty, that his guilt has been established beyond a reasonable doubt, that is all there is to it. It does not require it to be proved absolutely, because very few things can be proved absolutely.

"On the other hand a man is presumed to be innocent until his guilt is established or is proven beyond a reasonable doubt. It is a very serious matter to pass upon the guilt or the innocence of a man. You presume the defendant to be innocent until his guilt is established.

"An indictment against a man simply means that a charge has been preferred against a man by twelve men. It is simply an accusation by twelve grand jurors. It is a very easy matter to make any kind of an accusation, but it is a different matter to prove those things; that is the reason that the law requires that an indictment be lodged, and that the accusations in the indictment must be proven beyond a reasonable doubt; and that is just simply a doubt that any reasonable man would have.

"Sometimes in the trial of a case the court makes remarks to the attorneys and the attorneys to the court; that is something to which the jurors will have absolutely nothing to do with. It is not evidence in the case when a lawyer remarks to the court, or the court remarks to the lawyer, and you can not consider it as such. Sometimes an attorney in his zeal and enthusiasm goes beyond the restrictions of the court and has to be reprimanded by the court; and once in a while it happens—of course, all lawyers are human beings and are likely to make mistakes, and is likely to get overzealous, and it is nothing but right that he should look after the interest of his client. In the trial of a case in which you sit as jurors you must not let your bias in favor of an attorney or prejudice against an attorney or the court have anything to do with you in reaching a verdict, because such a man as that is not a proper juror, and it would not be right for a man's client to suffer because of something for which his attorney was responsible, or that the court was responsible for. You can't let that have anything to do with your verdict, and any remarks between the court and counsel, or counsel and the court, you will not consider that for any purpose whatever."

*M. C. Council* and *J. R. Stubblefield,* for appellant.—On question of

court's charge on principals: Silvas v. State, 159 S. W. Rep., 225; Pendley v. State, 71 Texas Crim. Rep., 281, 158 S. W. Rep., 811.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of lecturing to jury: Dow v. State, 31 Texas Crim. Rep., 278; Carlisle v. State, 56 S. W. Rep., 365; Jordan v. State, 30 id., 445; Rippetoe v. State, 67 Texas Crim. Rep., 192, 148 S. W. Rep., 811; Coggins v. State, 68 Texas Crim. Rep., 266, 151 S. W. Rep., 311; Jones v. State, 51 S. W. Rep., 949; Chapman v. State, 42 Texas Crim. Rep., 135; Attaway v. State, 41 id., 395; Reed v. State, 72 Texas Crim. Rep., 242, 168 S. W. Rep., 541; McGaughy v. State, 74 Texas Crim. Rep., 529, 169 S. W. Rep., 287.

On question of severance: Chumley v. State, 32 Texas Crim. Rep., 255; Parker v. State, 33 id., 111; Millner v. State, 72 id., 45.

On question of accomplice testimony: Shaw v. State, 73 Texas Crim. Rep., 337, 165 S. W. Rep., 930; Fondren v. State, 74 Texas Crim. Rep., 552, 169 S. W. Rep., 411, and cases cited in the opinion.

LATTIMORE, Judge.—Appellant was charged in the court below with abortion. The indictment contained two counts, one charging the use of a metallic instrument, and the other the giving of drugs and medicine. The court submitted only one count; the one charging the use of a metallic instrument to effect the abortion. The jury found appellant guilty and fixed his punishment at five years confinement in the penitentiary.

Appellant asked several special charges, his special charge No. 1 setting forth the law of circumstantial evidence as shown by his bill of exceptions No. 7, but an examination of the facts in evidence satisfies us that no error was committed in refusing this charge and refusing to charge on circumstantial evidence. The prosecuting witness testified fully to the acts and conduct of both the appellant and the physician who was procured by appellant to perform the abortion upon her, and this would take the case out of the rule of circumstantial evidence.

In his special charge No. 2, as shown by his bill of exceptions No. 8, appellant asked that the jury be charged the law of accomplice testimony, claiming that the prosecutrix was in law an accomplice, and that that phase of the law should be submitted to the jury. The question has been passed upon so frequently in this State that it is no longer an open one. The prosecutrix was not an accomplice. Willingham v. State, 33 Texas Crim. Rep., 98; Miller v. State, 37 Texas Crim. Rep., 575; Hunter v. State, 38 Texas Crim. Rep., 61; Gray v. State, 77 Texas Crim. Rep., 221, 178 S. W. Rep., 337.

Appellant asked special charge No. 4, which was given by the court, and will be noticed later in this opinion.

Appellant complains by his bill of exceptions No. 1 of the action of the trial court in instructing the entire panel of the jury, prior to calling any cause for trial, upon certain general phases of procedure and

trials. We have examined the authorities cited by appellant's counsel, and have carefully examined the remarks of the court to the jury, and while we agree with the holdings in the cases cited, we do not find anything in the instant case that was in anywise calculated to prejudice the rights of any person accused of crime whose case might be set for trial during that week.

Appellant's bill of exceptions No. 2 complains of the action of the trial court in refusing to postpone the trial in order to enable the appellant to obtain the testimony of Dr. Earnest, who was indicted by separate indictment for the same offense. The qualification of the trial court upon this bill shows that both appellant and Dr. Earnest filed statutory affidavits, each asking that the other be tried first, and that in accordance with the law the court had in such case put the one to trial whom he thought best, and that one being the appellant, who had had a trial resulting in a hung jury, and thereafter Dr. Earnest had been tried and convicted, and this instant case was the second trial of appellant. As explained by the court we see no injury in the court's action.

Appellant's bill of exceptions No. 4 complains of the charge of the trial court on the law of principals, the contention being that same was erroneous because it authorized the jury to find the appellant guilty as a principal if he consulted or advised the doctor, who actually performed the abortion, to commit same. It is not necessary for one to be present when an offense is actually committed in order to make him a principal. Where a criminal enterprise is launched by the active participation and presence of certain persons, and same moves on to its completion under the visible direction of some and in accordance with the plan of all, and the case be one in which it is impossible for the jury or the court to tell at what stage of its progress the forbidden thing was actually accomplished, that is, whether in the initial chapter where all who engaged in the criminal enterprise were personally present and participating, or whether at some later stage, then neither the jury nor the appellant could have been benefited by an attempt to disconnect such continuous parts of the whole criminal undertaking by giving a charge as to principals applicable to one part of the same, and accessories as to the other part. In this case no evidence was offered of any abandonment of the criminal accomplishment of what was undertaken and possibly finished in appellant's presence. The statute forbids the use of any violence or means whatsoever by which an abortion is procured, and the presence of the accused at the moment, or on the occasion of the premature birth of the foetus, is not necessary to make him a principal. Nor is it necessary that he should be present at each one of a series of treatments in one of which, or as a result of all of which, the destruction of the life of the embryo is accomplished. In this case the criminal scheme was the appellant's. He was a married man who had unquestionably been for a long time criminally intimate with the

prosecutrix, a young woman of twenty. When they both concluded that she was pregnant, he took her to Ranger, in the neighboring county of Eastland, took her to a hotel as his wife, left her there after spending the night with her, and came back and told her he had talked to Dr. Earnest, and took her to Dr. Earnest's office. There he told the physician who she was and what they were there for, and remained present while this physician used his instruments and other treatment upon the person of the prosecutrix. She remained in Ranger three or four days, visiting the doctor twice a day, and testifies that on the occasion of her second visit he, the doctor, told her that she had had a baby started and that he got it. The next day appellant returned to Ranger to see how the enterprise was progressing, and consulted with her about each successive thing that was done in connection therewith. At just what precise moment or day the desired result was accomplished is not shown by the record, and probably could not be known. It was shown, however, that appellant wrote to the doctor about the matter later, and also paid him. In this state of case the complaint of the court's charge on principals, because it authorized the jury to find the defendant guilty as a principal if he counseled or advised the doctor who committed the abortion, is hypercritical. It was not necessary, as stated, for one to be present at each treatment, nor to remain continuously with the other parties to the enterprise where, as in this case, it is clear that what was done was the result of what in law is denominated a conspiracy. What we have just said applies also to appellant's bills of exception Nos. 5 and 6.

Appellant's bill of exceptions No. 11 complains because he was not allowed to prove by County Attorney Bean, testifying as a witness, as to whether or not prosecutrix made certain statements contained in a written document purporting to be the examining trial testimony, from which the examination was being had. The trial court sustained objections to these questions, holding that the instrument itself was the best evidence of its contents. There was no error in so holding. The written instrument was later introduced in evidence by the State.

We think no error was committed in allowing prosecuting witness to state that on the occasion of one of her treatments for this abortion Dr. Earnest stated to her, not in the presence of the appellant, what amount of money appellant had paid him. The criminal conspiracy had not yet been fully concluded. She had been sent back on this occasion by the appellant for further treatment at the hands of the physician, and in our view of the case what was said by either the appellant or Dr. Earnest bearing on the mutual object of their agreement before its final termination was admissible as against each.

Bills of exception Nos. 13 and 15 present no reversible error. Drs. Griffin and Rush, who were witnesses for the appellant, testified on cross-examination as to a different method by which an abortion could be accomplished than that charged in the indictment in the instant case.

Nothing appears from the bill or record showing that any claim was made to the jury, or by the prosecution, that this abortion was committed in the way testified to by these physicians.

We have carefully examined the evidence in the case and are of opinion that the same fully supports the judgment, which is accordingly affirmed.

*Affirmed.*