PEOPLE v ST. ONGE

1. APPEAL AND ERROR—BRIEFS—ISSUES—ABANDONMENT.

Failure to brief an issue on appeal constitutes abandonment of that issue.

2. CRIMINAL LAW—CONSTITUTIONAL LAW—WITNESSES—RIGHT AGAINST SELF-INCRIMINATION— CONVICTION—PENDING APPEAL.

A witness may assert the privilege against self-incrimination after his conviction on the charge to which the incriminating testimony would relate, where an appeal from the conviction is pending.

3. CRIMINAL LAW—CONSTITUTIONAL LAW—WITNESSES—RIGHT AGAINST SELF-INCRIMINATION—STANDING.

A criminal defendant has no standing either to claim the privilege against self-incrimination for a prosecution witness or to complain about an error by the trial judge who overruled the witness's attempt to assert the privilege; a defendant has no standing to attack the use of a witness's pretrial statement on the grounds that it was taken in violation of the witness's Fifth Amendment rights.

4. CRIMINAL LAW—WITNESSES—RES GESTAE WITNESS—ACCOMPLICES— IMPEACHMENT—APPEAL AND ERROR—OBJECTION.

A prosecutor may not impeach a res gestae witness where the witness is an accomplice of the defendant; however, error in permitting a prosecutor to impeach a prosecution witness who was an accomplice of the defendant was not preserved for appeal where no objection was made.

5. ROBBERY—ARMED ROBBERY—INSTRUCTIONS TO JURY—LESSER INCLUDED OFFENSES.

Instructions to the jury on lesser included offenses, in a trial for

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 693.
[2] 58 Am Jur, Witnesses § 36 et seq.
[3] 58 Am Jur, Witnesses § 48.
[4] 58 Am Jur, Witnesses §§ 633, 681.
    75 Am Jur 2d, Trial § 162 et seq.
[5] 67 Am Jur 2d, Robbery § 73.

armed robbery, were not required where all the testimony established that the robbers were armed and the only question was whether the defendant was one of the persons who participated in the robbery.

Appeal from Wayne, Michael L. Stacey, J. Submitted June 10, 1975, at Detroit. (Docket No. 20560.) Decided July 23, 1975.

Frank B. St. Onge was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Steven Rabinovitz,* Assistant Prosecuting Attorney, for the people.

*George W. Schudlich,* for defendant.

Before: Bronson, P. J., and V. J. Brennan and D. E. Holbrook, Jr., JJ.

Per Curiam. Defendant was found guilty by a jury of armed robbery, contrary to MCLA 750.529; MSA 28.797. He was sentenced to a prison term of from 40 to 60 years, and appeals by right.

Defendant first contends[1] that his conviction should be reversed because one of the prosecution witnesses, David Woods, was compelled to testify in violation of his (Woods') privilege against self-incrimination. The trial judge ordered Woods, who had pled guilty to a charge of acting as defendant's accomplice in the robbery, to testify at trial.

---

[1] Defendant raises six issues in his "statement of questions involved", but briefs only four of these. Failure to brief an issue on appeal constitutes abandonment, *Anchor Bay Citizens v Board of Education,* 55 Mich App 428; 223 NW2d 3 (1974). Therefore, we will consider only the four briefed issues here.

Woods attempted to claim his privilege on grounds that his guilty plea was presently on appeal, but the trial court rejected that contention. We hold that no reversible error resulted from the introduction of the testimony of that witness.

The defendant correctly asserts that Woods was improperly ordered to testify. The privilege against self-incrimination still applies when an appeal is pending after a conviction on the charge to which the incriminating testimony would relate, *People v DenUyl,* 318 Mich 645; 29 NW2d 284 (1947). However, the defendant simply has no standing to either claim the privilege for a witness or complain about an error on the part of the trial judge in overruling the witness's attempt to assert it, *Bowman v United States,* 350 F2d 913 (CA 9, 1965), *cert den,* 383 US 950; 86 S Ct 1209; 16 L Ed 2d 212 (1966), *Poole v United States,* 329 F2d 720 (CA 9, 1964), *Goldstein v United States,* 316 US 114; 62 S Ct 1000; 86 L Ed 1312 (1942).[2] Therefore, no error of which defendant can complain occurred in this regard.

Defendant next contends that reversible error occurred when the trial judge allowed the prosecutor to impeach defendant's accomplice, David Woods, who was called as a prosecution witness. It is true that the rule allowing the prosecutor to impeach a res gestae witness does not apply to accomplices, *People v Szymanski,* 52 Mich App

---

[2] Defendant in his brief seems to be arguing only that the testimony at trial was improper. However, it is clear that if he is contending that the statement made at the guilty plea was involuntary, the same rule applies. The defendant has no standing to attack the use of a pretrial statement allegedly taken in violation of a witness's Fifth Amendment rights, *People v Bradford,* 10 Mich App 696; 160 NW2d 373 (1968), *cert den,* 394 US 1022; 89 S Ct 1638; 23 L Ed 2d 48 (1969), ·*United States v Skolek,* 474 F2d 582 (CA 10, 1973), *United States v Le Pera,* 443 F2d 810 (CA 9, 1971), *cert den,* 404 US 958; 92 S Ct 326; 30 L Ed 2d 275 (1971), *Long v United States,* 124 US App DC 14; 360 F2d 829 (1966).

605, 609; 218 NW2d 95 (1974), *People v Fidel,* 37 Mich App 338, 342; 194 NW2d 732 (1971), but the defendant did not object to the prosecutor's impeachment of Woods. This issue was not properly preserved for appeal, *People v Coates,* 40 Mich App 212, 214; 198 NW2d 837 (1972).

The last allegedly reversible error raised by the defendant concerns the final instructions. Defendant contends that the trial judge improperly instructed the jury that they must find the defendant guilty of armed robbery or not guilty, without mentioning any lesser included offenses. We disagree. All of the testimony established that the robbers were armed. The only question was whether defendant was one of the persons who participated in the robbery. Under those circumstances, the trial judge need not instruct on the lesser included offenses to armed robbery, *People v Hodo,* 51 Mich App 628; 215 NW2d 733 (1974).

Affirmed.