STATE of Utah, Plaintiff and Respondent,

v.

Allen CREVISTON, Defendant and Appellant.

No. 17998.

Supreme Court of Utah.

May 19, 1982.

---

5. Utah, 631 P.2d 856 (1981).

Ralph C. Amott, Provo, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Robert N. Parrish, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

DURHAM, Justice:

In this case, the appellant, Creviston, appeals from a conviction of selling a controlled substance, for which he was sentenced to a term of not less than one and not more than 15 years in the Utah State Prison.

Creviston and another, Kathi Tuning, were charged with a violation of § 58–37–8(1)(a)(ii) U.C.A., 1953. The complaining witness was an Orem City police officer who had purchased one ounce of cocaine for $100 from the defendants in his role as an undercover agent. He testified that Creviston told him that Creviston could obtain some cocaine for him if the officer would contact Tuning. When the officer contacted Tuning, she telephoned Creviston and arrangements were made for the three to meet in Tuning's apartment for the sale. The officer testified that he saw Creviston pass the cocaine to Tuning who handed it to him, and that when he attempted to give the money to Creviston, Creviston requested him to give it to Tuning who passed it to Creviston. The defendants' trials were severed.

The appellant, Creviston, raises seven points in this appeal. First, Creviston alleges that the trial court erred when it refused to grant a continuance. The original trial date of July 16, 1981 was vacated on the court's own motion with a note that trial would be reset "as soon as possible." On August 13, 1981, before a new trial date had been set, Creviston brought a motion before the court asking that his trial be set for a date following the Tuning trial. Creviston stated that Tuning was the "key witness" in his defense, but if called to testify before her own trial, her attorney would advise her to "take the Fifth." At that time, Tuning's trial was set for September 3, 1981. The court denied the motion and trial was set for August 19, 1981.

It is well established in Utah, as elsewhere, that the granting of a continuance is at the discretion of the trial judge, whose decision will not be reversed by this Court absent a clear abuse of that discretion. *State v. Moosman*, Utah, 542 P.2d 1093 (1975). Abuse may be found where a party has made timely objections, given necessary notice and made a reasonable effort to have the trial date reset for good cause. *Griffiths v. Hammon*, Utah, 560 P.2d 1375 (1977). When a defendant in a criminal action moves for a continuance in order to procure the testimony of an absent witness, such a defendant must show that the testimony sought is material and admissible, that the witness could actually be produced, that the witness could be produced within a reasonable time, and that due diligence has been exercised before the request for a continuance. *See, e.g., State v. Hartman*, 101 Utah 298, 119 P.2d 112 (1941); *State v. Freshwater*, 30 Utah 442, 85 P. 447 (1906); *State v. Reese*, 25 Or.App. 231, 548 P.2d 998 (1976); *People v. Dalton*, 201 Cal.App.2d 396, 20 Cal.Rptr. 51, 95 A.L.R.2d 628 (1962). The defendant did not meet these requirements: his motion stated only that Tuning's testimony was "vital." In the affidavit which accompanied the motion, his counsel stated that while Creviston had no way of knowing how Tuning would testify, it was Creviston's opinion that if called to testify after her own trial, she would "testify in his behalf." A trial court must be able to pass upon the materiality of the testimony before granting a continuance. Where the content of the prospective witness' testimony is speculative or likely to be inadmissible, it is not an abuse of discretion to deny a continuance. *State v. Derum*, 76 Wash.2d 26, 454 P.2d 424 (1969). Further, Creviston could not show whether the witness could be produced within a reasonable time. A continuance for such time as Tuning might have had need of the Fifth Amendment privilege against self-incrimination could have meant a delay of many months or even years if an appeal were taken, since a defendant's ability to claim

Fifth Amendment protection is preserved through post-conviction proceedings. *Ottomano v. United States*, 468 F.2d 269 (1st Cir. 1972), cert. den. 409 U.S. 1128, 93 S.Ct. 948, 35 L.Ed.2d 260 (1973); *People v. St. Onge*, 63 Mich.App. 16, 233 N.W.2d 874 (1975). In addition, it is questionable whether Creviston exercised due diligence in ascertaining the value or availability of Tuning's testimony, or in moving for a continuance. The motion was not brought until nearly a month after the original trial date. While the instant circumstances do not appear to be common, we note that in *Hammett v. State*, 84 Tex.Crim.Rep. 635, 209 S.W. 661 (1919), the court refused to postpone a trial until after the trial of another charged with the same offense. In that case, each of the defendants had requested postponement in order to secure the testimony of the other. Had the trial court granted a continuance in the instant case, it is difficult to see how a similar motion by Tuning could have been denied, thus subjecting the court to endless delays.

■ Our review of the propriety of the trial court's action has necessarily been confined to those issues and documents before the trial court at the time of the denial of the motion. Nevertheless, we note that on September 24, 1981, after the completion of both trials, Tuning signed an affidavit in which she contradicted the testimony of the police officer at Creviston's trial. She denied that he had ever seen Creviston give her drugs to pass to him (the police officer) or that he had ever seen her pass money on to Creviston. Such testimony is far from exonerating Creviston from any participation in the transaction and in fact, would tend only to impeach the police officer's testimony with regard to one aspect of the transaction. Even if Creviston had proffered this statement of Tuning's testimony with his motion for continuance, it would have been within the sound discretion of the trial court to deny the motion. It is not an abuse of discretion to deny a motion for continuance when the testimony sought is only for impeachment purposes. *State v. Boone*, Utah, 581 P.2d 571 (1978); *State v. Griffin*, 117 Ariz. 54, 570 P.2d 1067 (1977).

We affirm the trial court's ruling on the motion for a continuance.

■ In his second point, Creviston argues that the trial court erred in not granting a motion in limine regarding Tuning's testimony. After the denial of his motion for a continuance, Creviston brought a motion in limine asking the court to determine whether he could ask Tuning on direct examination if he had ever handed any drugs to her or received money from her in the presence of the police officer, without raising the issue of her Fifth Amendment rights. Apparently, Creviston hoped to be able to obtain Tuning's testimony without exposing her to cross-examination by the prosecution. The trial court could neither disallow cross-examination nor compel the witness to answer. Even without cross-examination, Tuning could not have answered the proposed question without incriminating herself. The trial court's denial of the motion was proper and is affirmed.

■ In his third point, Creviston alleges error in testimony given by the undercover police officer which referred to $2,400 which the defendant owed to "the State Narcotics and Provo City Police Department." Creviston argues that the two references to this debt caused the jury to perceive him as a "regular trafficker in drugs or an otherwise hardened criminal." The trial court cautioned the witness but denied the defendant's motion for a mistrial, stating that the brief reference before the jury had not prejudiced the defendant. It does not appear from the record that the testimony was such as to give rise to the extreme inferences Creviston alleges. We affirm the trial court's ruling on this point.

■ For similar reasons, we also affirm the ruling complained of in the appellant's fourth point. That ruling concerned allegedly prejudicial and improper statements made by the prosecutor in his closing arguments. Specifically, Creviston objects to the prosecutor's statement that even if Creviston had not been present when Tuning gave the cocaine to the officer and

received the money from him, "we have still got a sale. The defendant is still guilty." Creviston also objects to the prosecutor's reference to the "problem that we have with drugs in our community." Considerable latitude is allowable in closing argument. Counsel may discuss fully both the evidence and all legitimate inferences arising from the evidence. Such argument may merit reversal if (1) the remarks called to the jurors' attention matters which they would not be justified in considering in reaching a verdict, and (2) under the circumstances, the jurors were probably influenced by the remarks. *State v. Valdez*, 30 Utah 2d 54, 60, 513 P.2d 422, 426 (1973). In this case, the prosecutor's comments regarding the significance of Creviston's presence or absence at the sale were in direct response to the defense Creviston himself raised and are not outside the permissible range allowable in closing argument. The same may be said of the reference to the community drug problem. The prosecutor did not imply that the defendant was responsible for the community's problem. The comment reasonably called to the jury's attention the seriousness of the issues and their own duties. Finally, the court, in instruction number three, cautioned the jury to consider only the evidence and to disregard "any such utterance that has no basis in the evidence." We find no error.

In his fifth point, Creviston alleges error in the court's denial of a motion for a viewing of the premises where the sale took place. There is no merit in the appellant's arguments. The record does not show that the defendant made a proper motion for the viewing. It does show that he raised the issue in a tentative fashion after the jury had retired and that he subsequently agreed to have a picture of the premises submitted to the jury. The picture was submitted. Creviston speculates that the picture and accompanying instruction confused the jury since the jury returned its verdict only minutes after the picture was submitted. However, the deliberations of the jurors and the weight which they give the evidence are not matters about which the appellant may complain. We find no error.

On the basis of the above five alleged errors, Creviston brought a motion for a new trial. In his sixth point, he contends that the trial court erred in denying that motion. As we have found no error above, we hold that the trial court ruled correctly in denying the motion for a new trial.

The appellant's seventh point, however, is well taken. Creviston argues that he was sentenced to a mandatory minimum term, rather than an indeterminate term, without compliance with the provisions of § 58–37–8(9)(a) and (b) U.C.A., 1953, as amended. A defendant who is convicted under § 58–37–8(1)(a)(ii) is subject to a sentence of not more than 15 years when the controlled substance is a schedule I or II narcotic. Section 58–37–8(9)(a) and (b) provide as follows:

(9)(a) Whenever it appears to the court at the time of sentencing any person convicted under this act that the person has previously been convicted of an offense under the laws of this state, the United States, or another state, which if committed in this state would be an offense within this act and it appears that probation would not be helpful to the defendant or that probation would be contrary to the interest, welfare, to [sic] protection of society, the court, notwithstanding the provisions of section 77–35–20, *may, providing compliance with subsection (9)(b) of this section has been met,* impose a minimum term to be served by the defendant up to one-half the maximum sentence imposed by law for the offense so committed.

(b) *Before any person may be sentenced to a minimum term* as provided in subsection (9)(a) of this section, the prosecuting attorney or grand jury, if an indictment, *shall cause to be subscribed* upon the complaint, in misdemeanor cases, or the information or indictment, in addition to the substantive offense charged, a statement setting forth the *alleged past conviction* of the defendant

and specifically stating the date and place of conviction and the offense of which the defendant was convicted. *The allegation shall be presented to the defendant at the time of his arraignment, or thereafter by leave of court, but in no event later than two days prior to the trial* of the offense charged or the defendant's entering a plea of guilty. At the time of arraignment or later date when granted by the court, the court shall read the allegation of the previous conviction to the defendant and provide him or his counsel with a copy of the same and *explain to the defendant the consequences of the allegation pursuant to subsection (9)(a)* of this section. The allegation of the past conviction of the defendant shall not be admissible in a jury trial, except where the admissibility in evidence of a previous conviction is otherwise recognized as admissible by law.

The court *following conviction* of the defendant of the substantive offense charged and prior to imposing sentence *shall inform the defendant of its decision to impose a minimum sentence within subsection (9)(a) of this section and inquire as to whether the defendant admits or denies the previous conviction.* If the defendant denies the previous conviction, the court shall afford him an opportunity to present evidence showing that the allegation of the past conviction is erroneous or the conviction was lawfully vacated or the defendant was pardoned. Such evidence shall be made a matter of record and following the evidence the court shall make a finding as to whether the defendant has a previous conviction which shall be final, except for a showing of abuse of discretion. Following the findings by the court the defendant shall be sentenced in accordance with subsection (9)(a) of this section or under the appropriate penalty provided by law, as the court in its discretion shall determine.

(Emphasis added.) Following his conviction, Creviston was sentenced to a minimum of one year and not more than 15 years in the state penitentiary. Creviston had been charged with a felony some six or seven years earlier but since the matter had been disposed of and he had apparently made some restitution, he was under the impression that there was only a misdemeanor conviction in his record. However, at the sentencing, the trial court referred to Creviston's felony conviction. Section 58–37–8(9)(b) clearly provides for advance notice to a defendant whose prior convictions may make him subject to a mandatory minimum sentence. Any past offense with date and place of conviction should have appeared on the information charging the defendant with the offense that was the subject of the instant case. At his arraignment, Creviston was entitled to be notified that his prior convictions were being considered. At that time, the court was obligated to explain the possible consequences under § 58–37–8(9)(a), i.e., the possibility of a mandatory minimum sentence. Prior to sentencing, Creviston should have been informed that the court was considering a mandatory minimum sentence because of his prior convictions and given the opportunity to explain or deny those convictions. Creviston was not so informed, nor was he given that opportunity.

■ The respondent argues that Creviston waived any objection to the sentencing procedure by his failure to object at that time. However, it is clear that the statute had not been complied with long before the sentencing actually took place. In the detailed provisions of § 58–37–8(9)(b), the legislature has made clear its intention that a defendant be given ample opportunity to explain any conviction in his record before the court uses that conviction as a basis for a mandatory minimum sentence. The legislature has mandated two pre-trial occasions (*"shall* cause to be subscribed" and *"shall* be presented") and one post-conviction occasion (*"shall* inform the defendant") upon which the defendant must receive notice of an "alleged past conviction." Recognizing the possibility that information about a prior conviction might not be available at the time the complaint or information was issued or by the time of arraignment, the legislature specified a final deadline: "The

allegation *shall be presented* ... in no event later than two days prior to the trial ...." A defendant who receives no notice of an "alleged past conviction" cannot assert his right to notice or object to the prosecution's failure to notify him since he has no way of knowing that such may be under consideration. In fact, under the statute, he could reasonably assume that, having received no notice, no prior conviction would be considered regarding his sentencing. The definition of waiver in any context involves the renunciation of a known right when the individual had the opportunity to claim that right. Since the defendant did not know that his prior convictions were under consideration or that they might subject him to a mandatory minimum sentence, he could not object to violations of § 58–37–8(9)(b) when they first occurred, i.e., prior to his trial. Therefore, he cannot be said to have waived the protection to which he was entitled under the statute. The cases cited by the respondent have to do with waiver in the context of habeas corpus proceedings in which the petitioners were not allowed to pursue rights which they had failed to assert at previous hearings. These cases are not relevant here. The legislature has made clear its concern with the manner in which a citizen may be deprived of his liberty. We therefore find that the court erred in sentencing Creviston to a mandatory minimum term without compliance with § 58–37–8(9)(b), and remand for resentencing. Since it is not possible for the requirements of the statute to be met at this point, Creviston may now be sentenced to an indeterminate term of 0–15 years only.

Affirmed in part and reversed and remanded in part for further proceedings in accordance with this opinion. No costs awarded.

HALL, C. J., and STEWART, OAKS and HOWE, JJ., concur.