STATE of Utah, Plaintiff and
Respondent,

v.

Floyd HUMPHERYS, Defendant
and Appellant.

No. 20539.

Supreme Court of Utah.

Sept. 19, 1985.

Clint S. Judkins, Tremonton, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM.

Defendant appeals from his conviction of theft by deception, a third degree felony in violation of U.C.A., 1953, § 76-6-405 (1978 ed.), and issuing bad checks, a third degree felony in violation of U.C.A., 1953, § 76-6-505(1) (1978 ed.) (Supp.1983). He claims that the trial court abused its discretion in denying his motion for a continuance of trial. We affirm.

On August 22, 1984, defendant's trial was set for January 8 and 9, 1985. Defendant was originally represented by court-appointed counsel, who was withdrawn by the court when defendant obtained employment. On December 18, 1984, defendant was again given court-appointed counsel, who filed a motion for a continuance the following day. The motion was argued on the first morning of the trial. Defendant's counsel indicated that he wanted to speak to the State's two material witnesses who had been very reluctant to talk with him. He also mentioned that there might be a third witness who might volunteer some helpful information on defendant's case and mitigate defendant's liability. The court noted that the third witness's statement, if any, would refer to a case that had nothing to do with the charges before the court, and that the other two witnesses were present to testify at the trial. Its denial of the motion was based on those factors and the fact that defendant had notice of his trial well in advance.

It is well established in Utah, as elsewhere, that the granting of a continuance is at the discretion of the trial judge, whose decision will not be reversed by this Court absent an abuse of discretion. *State v. Creviston*, Utah, 646 P.2d 750 (1982); *State v. Moosman*, Utah, 542 P.2d 1093

(1975). Continuances are traditionally granted to allow the defendant additional time for procuring an absent witness. The defendant must show that the testimony he seeks is material and admissible, that he will produce the witness within a reasonable time, and that he has exercised due diligence before the request for a continuance. *State v. Creviston, supra.*

██ Defendant's counsel had three weeks to prepare for trial. Two of the witnesses defendant claimed were important to his case were actually present at trial and thus subject to cross-examination. The third, as noted by the court, did not link the defendant to any charges before the court, so that the need for his presence was speculative at best. Given those facts, the trial court did not abuse its discretion in denying defendant's motion.

We affirm the trial court's ruling on the motion for a continuance.

STEWART, J., concurs in the result.